[No. 5169.    Decided January 4, 1905.]

H. A. HUNTER et al., Respondents, v. WENATCHEE LAND COMPANY, Appellant.[1]

PROCESS—ATTACHMENT—SERVICE OF SUMMONS ON FOREIGN CORPORATION OUTSIDE OF STATE. Where an action is commenced by attaching the property of a foreign corporation, personal service of the summons and complaint upon the defendant outside of the state, in lieu of publication, is all that is required under Bal. Code, § 4879.

CONFLICT OF LAWS—ALIENS—RIGHT TO SUE IN THIS STATE—CONTRACTS—LEX LOCI CONTRACTUS. An action between aliens for damages for breach of a contract made in Minnesota whereby the defendants gave the plaintiff the exclusive sale of defendant's lands situated in this state, will not be dismissed as commenced by an alien in a foreign jurisdiction for the purpose of obtaining an undue advantage, where the only advantage alleged is that the contract was not enforcible between the parties in Minnesota under the laws of that state, especially where it appears that the only property of the defendant subject to execution is situated in this state, and the same was the subject of the contract, since the courts of this state will be governed by the laws of the state where the contract was made.

APPEAL AND ERROR—REVIEW—ORDER REFUSING TO DISSOLVE AN ATTACHMENT. Upon an appeal from an order refusing to dis-

[1]Reported in 79 Pac.

solve an attachment of the property of a foreign corporation, error in sustaining a demurrer to the defendant's answer can not be reviewed on the theory that the answer showed that the court was without jurisdiction, since the test of jurisdiction was the status of the case upon the issuance of the attachment, which if rightful, is not affected by subsequent proceedings.

Appeal from an order of the superior court for Spokane county, Belt, J., entered January 30, 1904, denying a motion to dissolve an attachment, after a hearing upon affidavits.  Affirmed.

*Charles A. Murray* and *Happy & Hindman,* for appellant,  contended, *inter alia,* that the courts of this state should not take jurisdiction of an action to enforce a contract made by aliens in another state.   6 Thompson, Corporations, §§ 8003-8007; *Sawyer v. North American Life Ins. Co.,* 46 Vt. 697; *Smith v. Mutual Life Ins. Co.,* 14 Allen 336; *Camden Rolling Mill Co. v. Swede Iron Co.,* 32 N. J. L. 15; Story, Conflict of Laws, § 586; *Bissell v. Briggs,* 9 Mass. 462, 6 Am. Dec. 88.   The courts are open to such actions only as a matter of comity, and should not take jurisdiction in such a case as this.   *Central R. etc. Co. v. Carr,* 76 Ala. 388, 52 Am. Rep. 339; *Robinson v. Oceanic etc. Co.,* 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636; *National Telephone etc. Co. v. DuBois,* 165 Mass. 117, 42 N. E. 510, 52 Am. St. 504, 30 L. R. A. 628; *Bank of North America v. Rindge,* 154 Mass. 203, 27 N. E. 1015, 26 Am. St. 240, 13 L. R. A. 56; *Kimball v. St. Louis etc. R. Co.,* 157 Mass. 7, 31 N. E. 697, 34 Am. St. 250; *Morris v. Missouri Pac. R. Co.,* 78 Texas 17, 14 S. W. 228, 22 Am. St. 18, 9 L. R. A. 349; *Eingartner v. Illinois Steel Co.,* 94 Wis. 70, 68 N. W. 664, 59 Am. St. 859, 34 L. R. A. 503; *Burdick v. Freeman,* 46 Hun 138; *Alger v. Alger,* 31 Hun 471; *Gregory v. New York etc. Co.,* 40 N. J. Eq. 38; *Ferguson v. Nielson,* 11 N. Y. Supp.

524; *Great Western R. Co. v. Miller,* 19 Mich. 305; *Dewitt v. Buchanan,* 54 Barb. 31; *Central etc. R. Co. v. Georgia Constr. etc. Co.,* 32 S. C. 319, 11 S. E. 192; *Goldman v. Furness etc. Co.,* 101 Fed. 467; *Mexican Nat. R. Co. v. Jackson,* 89 Texas 107, 33 S. W. 857, 59 Am. St. 28; *Smith v. Bull,* 17 Wend. 323.

*Mark F. Mendenhall* and *Graves & Graves,* for respondents. The action is transitory. Bouvier's Law Dict. Vol. 2 (15th ed.), title, Transitory Action; *Eingartner v. Illinois Steel Co.,* 94 Wis. 70, 68 N. W. 664, 59 Am. St. 859, 34 L. R. A. 503; *Denver etc. R. Co. v. Roller,* 100 Fed. 738, 49 L. R. A. 77; *Smith v. Empire State etc. Co.,* 127 Fed. 462. Nonresidents may avail themselves of attachment proceedings. Drake, Attachments, § 11; *McClerkin v. Sutton,* 29 Ind. 407; *Mitchell v. Shook,* 72 Ill. 492; *Givens v. Merchants' Nat. Bank,* 85 Ill. 442; *Ward v. McKenzie,* 33 Tex. 297, 7 Am. Rep. 261. To deny them this right would contravene the Federal Constitution, art. 4, § 2. *Steed v. Harvey,* 18 Utah 367, 54 Pac. 1011, 72 Am. St. 789; *Eingartner v. Illinois Steel Co., supra; Corfield v. Coryell,* 4 Wash. C. C. 371.

DUNBAR, J.—The complaint alleges, in substance, that plaintiffs are residents of Minnesota, and that the defendant is a corporation doing business in Minnesota; that the defendant had a contract to purchase certain lands in the state of Washington, and entered into a contract with the plaintiffs, whereby the plaintiffs were given an agency for the exclusive sale of the lands for a term of three years; that, before said term expired, the defendant sold the timber on said land; that the plaintiffs had expended a large amount of money in ascertaining the value of the land, and of the amount of timber on the same, to wit, the sum of $10,000, and this case was brought for damages

in the sum of $87,500; alleging that the contract for the sale of timber was a breach of the contract of agency, and that plaintiffs were entitled to recover that amount.

The action was begun by filing a complaint in the superior court of Chelan county on the 24th day of February, 1903. Also, on said 24th day of February, 1903, a writ of attachment was caused to be issued, which writ of attachment was, on said day, levied upon the property described in the plaintiffs' complaint, which was the only property in the state of Washington in which the defendant had any interest. Attachment was procured, upon the ground that the defendant was a foreign corporation and a nonresident of the state of Washington. No service of process had been had prior to the filing of the complaint. The only service that had been made was by service on the secretary and treasurer of the defendant, at Minneapolis, in Minnesota. Defendant complains that this service was insufficient, and that the court obtained no jurisdiction over the subject matter or the person of the defendant; and defendant, appearing specially for the purpose of the motion, moved to quash and set aside the pretended service of summons; the contention being that § 4877, Bal. Code, provides that service may be made by publication when the defendant is a foreign corporation and has property within the state; that the above is the only provision made for the service upon a foreign corporation outside of the state, and the only provision contained in the statute, unless it can be found in § 4879, which provides that personal service on the defendant out of the state shall be equivalent to service by publication. This proposition, it seems to us, has been squarely passed upon by this court in the case of *Jennings v. Rocky Bar Gold Min. Co.*, 29 Wash. 726, 70 Pac. 136, where the court said:

"The question here is whether the affidavit for publica-
tion of summons required by § 4877, Bal. Code, is a pre-
requisite to personal service upon the defendant out of the
state. The right to subject property within the state to
the jurisdiction of its courts is undoubted. If property,
real or personal, is appropriately placed within the domin-
ion of the court, then the jurisdiction becomes complete
to adjudicate all controversies and all rights in and to such
property. The legislature has provided a constructive no-
tice to all persons having an interest in the property.
Such constructive notice must be given strictly under the
provisions of the statute. But § 4879, Bal. Code, provides
for personal service out of the state, and declares it shall
be equivalent to service by publication. Thus such per-
sonal service out of the state is declared sufficient notice
when the court has assumed control of the property within
the state. This section itself prescribes that such service
is constructive notice, and does not require the affidavit
made necessary in service by publication."

The intention of the statute is so plainly expressed, and
has been so squarely passed upon by this court, that we do
not feel called upon to again enter into a discussion of that
proposition, but are satisfied with what was said in that
case, which we consider conclusive of the propositions
raised in this.

A demurrer was interposed to the complaint, which
was overruled. Defendant answered, setting up certain
affirmative defenses, among which was that, under the laws
of Minnesota, as shown by numerous decisions of the
supreme court of that state, the contract set forth in the
plaintiffs' complaint was not a contract under which the
plaintiffs could recover, for the reason that the law of
the state was that, under the provisions of such contract,
the owner of the property had a right to sell it himself at
any time before it was actually sold by the agent, and that
the right to sell was exclusive only as to any one other than

the owner; and that, therefore, the owner having a right to sell, there had been no breach of the contract on the part of the owner, and consequently there could be no damages, either by commission or otherwise. To this affirmative defense, the plaintiffs interposed a demurrer, which was sustained by the court. The plaintiffs then moved to dissolve the attachment. This motion was denied by the court, exception was taken and allowed, and from the ruling of the court in denying the motion to dissolve the attachment, this appeal is taken.

It is insisted by the appellant that, if the complaint does not state a cause of action, the court having no jurisdiction over the subject matter or the person of the appellant, the attachment must necessarily fail, which is no doubt true. The assumption that the complaint does not state a cause of action, and that the court did not have jurisdiction, is based upon the fact that the parties to the action were non-residents of this state, and, therefore, had no right to bring the action in this state, but should be relegated by the courts of this state to the courts of the state where the contract was made, and where the parties reside. Upon this question of the rights of aliens to litigate in the courts of different states, there is a wilderness of authority, and a great diversity of judicial opinion, some courts holding that, in the absence of statutory provision, foreign corporations are suable in domestic tribunals only upon causes of action arising within the jurisdiction; while others hold that it is an absolute constitutional right of the citizen of any state to seek redress in the proper court of any state, regardless of the question of residence; while still others hold that it is altogether a question of comity, and depends entirely upon the attitude of the particular state on that question:

It may be conceded, we think, that the general rule is that, if it appears that the action is brought by the alien in a foreign jurisdiction for the purpose of obtaining any undue advantage in that jurisdiction, the courts will not lend themselves to the investigation and determination of such a case; and it is contended by the appellant that such is the case shown here; that, by reason of the laws of Minnesota preventing a recovery by the respondents under the state of facts set forth in the complaint, the respondents will obtain an advantage, and be liable to obtain a judgment, which they could not obtain in the domestic tribunal. It is further urged that the witnesses are all in the state of Minnesota, and that it will be burdensome to bring them so great a distance to try this cause. Some affidavits are presented in support of the proposition first discussed.

There seems, to our minds, to be no particular merit in the first proposition urged, for it has been the uniform holding of this court, in harmony with the holdings of all other courts, that the law of the state where the contract was made will be the governing law, in the adjudication of the case in the state where the trial is had. That being the case, no benefit would accrue to the respondents by trying out their case in this jurisdiction, for the presumption cannot be indulged that this tribunal would not recognize and respect the laws of Minnesota. On the question of costs, this case involves a large amount of money, and its determination depends mostly upon the construction of legal documents, rather than upon the testimony of witnesses, and it does not seem to us that any great amount of hardship would be imposed by trying the cause here.

But, in addition to this, the property which is the subject of the controversy is in this jurisdiction, and, while the affidavit of the appellant states that it is amply able to respond to any judgment which may be obtained

against it, there is no showing or statement in said affidavit that the property which could be relied upon to respond to the judgment, if one should be obtained, is in Minnesota. Everything that is set forth in the affidavit might be true and not be in conflict with the affidavit furnished by the respondents that this appellant has no property subject to execution, excepting the property which is the subject of this controversy, and which is located in this state. So that, under all the circumstances of this case, we do not think that we would be justified in denying the aid of the courts to the respondents in the prosecution of their alleged rights.

It is again contended by the appellant that the affirmative defense is a good defense, because it alleges that, under the laws of Minnesota, the contract cannot be enforced; and, because the respondents demurred to that defense, thereby admitting the allegations of the defense to be true, that it is, therefore, conclusive that no cause of action lies in this case, and that, therefore, the attachment must be dissolved. We do not see our way clear to enter into a discussion of whether or not the court erred in its ruling in sustaining the respondents' demurrer to the answer, for the action of the court in that respect has not been appealed from. But the test of the jurisdiction was the status of the case at the time the action was commenced, and if there was sufficient in the complaint, when it was filed, to give the court jurisdiction, the attachment was rightfully issued, and no subsequent proceeding in the court could affect its standing.

The judgment is affirmed.

FULLERTON, C. J., and ANDERS, HADLEY, and MOUNT, JJ., concur.