[No. 13150.   Department Two.   March 24, 1916.]

HENRY S. ROYCE, *Appellant*, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, *Respondent*, NORTHERN PACIFIC RAILWAY COMPANY, *Defendant*.[1]

RAILROADS — ACTIONS — PROCESS—AGENT FOR SERVICE.   The issuance of coupon tickets and through bills of lading for nonresident railroad companies does not make a resident railroad company an agent of the nonresident company for the purpose of service of process.

RAILROADS—SERVICE OF PROCESS—AGENTS.   The fact that a soliciting agent was advertised as the "General Agent" of defendant railway company does not authorize the service of process upon him, under Bal. Code, § 4875, subd. 4, authorizing service upon any agent, where he derived no actual authority from the defendant, which had no interest in his office, and his reports were made to, and his salary was paid by, other companies.

Appeal from an order of the superior court for King county, Gilliam, J., entered May 25, 1915, quashing service of summons in an action for damages sustained through the loss of live stock.   Affirmed.

*Hartman, Nafe & Hartman,* for appellant.

*James R. Chambers,* for respondent.

BAUSMAN, J.—Royce sued the nonresident Northwestern company by serving it through two alleged agents, an individ-

[1]Reported in 156 Pac. 16.

ual, Parker, and the Northern Pacific Railway Company. The latter was made a defendant on its own account also, but is involved in this appeal only as agent. The lower court sustained the Northwestern company's motion to quash both services.

As to the Northern Pacific's being an agent, the lower court was clearly right, since no other facts are shown than such as would make it agent here for every other railroad in the United States. The issuing, for nonresident companies, coupon tickets and through bills of lading is universally held insufficient to create agency.

As to the service on Parker, we are absolutely controlled by *Arrow Lumber & Shingle Co. v. Union Pac. R. Co.*, 53 Wash. 629, 102 Pac. 650, to distinguish this case from which nothing has been adduced except circumstances too trifling. Decide each case of this kind on its own facts, still the precedent is complete, for if anything of resemblance is wanting in the opinion, it will be found in the record. Even the relation of Parker to a subsidiary and registered company of the Northwestern company is that of Ellis in the *Arrow* case to a subsidiary of the Union Pacific.

To the *Arrow* rule and our prior decisions, we were driven by overwhelming authorities in the supreme courts of the United States and of our sister states, a current not since diminished but swollen. Shall the citizen, say of Colorado, sue the Northwestern company here and appropriate our courts concerning a shipment damaged in Wisconsin, instead of taking his grievance to Colorado or Wisconsin? He may if Royce, our own citizen, may, and if Parker be its agent here, for our courts are open to nonresidents for controversies in contract and tort, even when arising in other jurisdictions. *Hunter v. Wenatchee Land Co.*, 36 Wash. 541, 79 Pac. 40; *Reynolds v. Day*, 79 Wash. 499, 140 Pac. 681, L. R. A. 1916A 432; *Rosenbaum v. Evans*, 63 Wash. 506, 115 Pac. 1054.

Considering the multitude of corporations and that, unlike individuals, they can be served through agents, all courts have shrunk from a rule which would soon swamp home tribunals with foreign brawls. Nor have we any desire, through the same rule, to expose our own incorporated merchants and carriers on like service to suits in every other state. Undoubtedly the universal opinion that solicitors for nonresident railroads and commercial houses are not agents for local service arises from these two apprehensions, and it was also foreseen to be unfair, as well as injurious to interstate commerce, to subject such principals to suits in our more than forty states, while the plaintiffs in most cases would be exposed to suit only at home.

Morris, C. J., Main, and Parker, JJ., concur.