Miller v. Davison.

---

## Miller v. Davison.

1. Original notice: SERVICE BY PUBLICATION. Under section 2835 of the Revision, actual personal service of notice, without the State, supersedes the necessity of publication; and in such a case it is not necessary to file the affidavit that service cannot be made within the State, required by section 2832, in cases where service is made by publication.

2. —— PROCEEDINGS TO QUIET TITLE. The proceeding to quiet title, authorized by sections 3601, *et seq.*, of the Revision, may be mantained against a non-resident defendant; and to such a proceeding the provisions of the statute, respecting the service of notice by publication, or personal service without the State, apply.

3. —— It seems that such a proceeding is to be regarded as an action and not as a special proceeding, but in either case the statute respecting service by publication would apply.

*Appeal from Scott District Court.*

WEDNESDAY, JUNE 7.

ACTION to recover forty acres of land in Scott county (N. W. of N. E., of 20, 78; 3), and damages for wrongful detention. The plaintiff alleges that he is the owner in fee simple and entitled to the possession; that defendant has possession and wrongfully keeps plaintiff out. The defendant, for answer, denies that plaintiff is the owner, or entitled to the possession or to damages for the detention, and avers that the defendant is the owner in fee, and as such has possession and is entitled thereto. A jury was waived, and the cause was tried to the court, who found the facts, substantially, that plaintiff was the owner by title

of record derived from the United States, but that said title had been divested by a tax sale and deed to defendant, and a judgment quieting the title in him rendered by the district court of Scott county, in November, 1864, in a case wherein this plaintiff and another were defendants, and this defendant was plaintiff. A judgment for defendant was accordingly rendered. The plaintiff appeals. The further facts are stated in the opinion.

*Putman & Rogers* for the appellant.

*James T. Lane* and *Davison & True* for the appellee.

COLE, J.—The only questions made in this case relate to the sufficiency of the service of notice and the effect of the

1. ORIGINAL NOTICE: service by publication.

judgment in the action by the defendant herein against this plaintiff and another, whereby the title was declared quieted in this defendant. The proceedings wherein said judgment was rendered were based on Revision of 1860, sections 3501, 3502, 3503 and 3504, being part of chapter 144, the title of which is "Actions for the recovery of real property." The following is a copy of the part of said chapter in question :—" Section 3601. An action in the nature of that authorized in this chapter may also be brought by one having a reversionary interest, or by one either in or out of possession, against another who claims title to real property, although the defendant may not be in possession thereof, for the purpose of determining and quieting the question of title.

" Section 3602. If the plaintiff is in possession, he may file a petition setting forth his estate, whether of inheritance for life or years, and describing the premises, and averring that he is credibly informed and believes that the defendant makes some claims adverse to the petitioner, and praying that he may be notified to show cause why he should not bring an action to try the alleged title, if any, and there-

upon the court shall order notice to be given to the defendant, and upon the return of such order of notice, duly executed, if the defendant so notified shall make default, or having appeared shall disobey the lawful order of court to bring an action and try the title, the court shall enter a judgment that he be forever debarred and estopped from having or claiming any right or title adverse to the petitioner, and those claiming by or through him, to the premises described.

" Section 3603. If the defendant shall appear and disclaim all right and title adverse to the petitioner, he shall recover his costs ; if he shall claim title, he shall, by answer, show cause why he should not be required to bring an action and try such title, and the court shall make such judgment or order respecting the bringing and prosecuting of such action as may seem just.

" Section 3604. In other particulars, the rules above prescribed shall, in the cases in the last three sections contemplated, be observed as far as they are applicable."

The following is a summary of the proceedings wherein said judgment was rendered.   On the 17th day of November, 1864, the plaintiff therein having filed his petition following precisely, in its allegations and prayer, the requirements of section 3602, and alleging nothing in respect to the citizenship or residence of the defendants, and the court being then in session, made an order that the defendants therein be notified to appear on or before noon of the second day of the next term of this court, and show cause why they and each of them shall not bring an action to try, etc. (also following the statute).   A notice was issued containing the precise matter ordered by the court, but in the form of an original notice in an ordinary action and signed with the plaintiff's name by his attorneys, notifying the defendants of the filing of the petition and that the court has ordered them to be notified, which is hereby done, to appear, etc., on, etc., and show cause, etc.; and that if

they failed to appear, or having appeared, to bring an action if ordered by the court, judgment would be rendered debarring and estopping them, etc., as prayed in the petition. This notice was duly filed in the clerk's office on the 29th of November, 1864, having indorsed thereon a return of the sheriff of Scott county, without date, that the said defendants are not found within that county; and also an affidavit of James Bradford that he personally served said notice on each of the defendants, in Hamilton county, Ohio, November 22, 1864, both said return and affidavit of service being in due and regular form. At the next term of court, and on the 11th day of February, 1865, the cause coming on to be heard, the court found that the defendants had been duly and personally served with notice of the pendency of the action as required by order of court, and that the court had jurisdiction over them for the purposes of the action, and thereupon a default was entered, and upon hearing the proofs a judgment was rendered quieting the title in the plaintiff therein. The judgment entry contains *in haec verba* the petition, the order of notice, the notice and return indorsed thereon.

This judgment is assailed as being void, on the ground, first, that there was no sufficient service of notice upon the defendants therein. Our statute provides (Rev., § 2831) that service by publication may be made in either of eight different classes of actions, the sixth in the order named is " actions which relate to, or the subject of which is, real or personal property in this State, when any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of the State or a foreign corporation." It is also provided (Rev., § 2832) that " before service can be made by publication, an affidavit must be filed that personal service cannot be made within this State on the defendant to be served by publication. When such affi-

davit is filed, the party may proceed to make service by publication," which is done by publishing for four weeks the original notice in a newspaper designated in writing by the clerk (§ 2833), and the filing of said notice with an affidavit of its publication, etc., with the clerk. § 2834. It is then further provided (Rev., § 2835), " actual personal service of the notice, either within or without the State, supersedes the necessity of publication."

The learned counsel for appellant, in an argument remarkable for its clearness and acumen, contend that, before personal service can be made without the State, an affidavit must be filed that personal service cannot be made within the State, as provided by section 2832, when service is to be made by publication; and this, because actual personal service without the State only supersedes the necessity of *publication*. The whole argument, however, is answered by the single statement that the true construction of section 2835 is that personal service without the State supersedes the necessity of service by publication. In other words, that the word " publication " as used in that section means not only or merely the act of publishing the notice for four weeks in the paper, but also the other acts, both preceding and following that, which the statute requires in order to make a completed service by publication. So that when personal service is made without the State, it is not necessary either to file the affidavit that service cannot be made within the State, nor to procure the designation in writing by the clerk, nor to file the affidavit, etc., with the clerk. The case of *Bates* v. *The C. & N. W. Railway Co.*, 19 Iowa, 260, is in harmony with this view.

Some criticism, in the argument, was made as to the form of the notice, and that it did not appear to be an order of the court, etc. But we see no valid objection to it on this ground. It seems to be very full, clear and specific.

II. It is further claimed that the statute authorizing the

Miller v. Davison.

proceedings to quiet title (§§ 3601, 3602, 3603 and 3604 *supra*) does not apply to non-resident defendants, but can only be resorted to in cases where personal service within the State can be made upon the adverse claimants who are made defendants; and this, because the remedy therein provided is, under the Code designation, by a "special proceeding" and not by a "civil action." We do not agree with counsel in the view that it is a special proceeding, nor that, if it were such, it would follow that notice could not be served by publication or by personal service without the State.

*2.— proceeding to quiet title.*

The sections in question are found in the chapter entitled "Actions for the recovery of real property," and the sections preceding them in that chapter relate to actions for the recovery of real property when the defendant is in possession of it. The form of the action and the method of proceeding therein is very materially different from the common-law action of ejectment against a party in possession of real property claimed by another. The sections under review provide, that an action in the nature of that prescribed by the sections preceding may be brought by a plaintiff against a defendant who is *not* in possession of the real property in controversy. The proceedings under these sections are not so materially different from the proceedings to quiet title under the former chancery practice, as are the proceedings prescribed for the recovery of real property different from the former action of ejectment. If this material difference in the proceeding for the recovery of real property does not justify its designation as a special proceeding, neither will the difference in the proceeding to quiet title justify such designation. The statute itself, it will be observed, designates each alike as an "action."

The sections in controversy very wisely provide that if the defendant who is not in possession shall persist in his claim of title, he must bring his action to establish it,

wherein the burden of proof will be upon him, and that he cannot, by denying the plaintiff's title, cast that burden upon a claimant in possession. But it is quite possible that the defendant might elect to make his answer a cross action for the recovery of the real property in controversy, and thereby settle at once and in that action the title and right of possession in the same manner as if the action had been originally brought by him under the preceding sections of the chapter, either with or without an order of court therefor. The purpose of the statute seems to be to enable any party, whether in or out of possession, to institute the proceedings which shall result in settling the title to the real estate he claims, always casting the burden of proving the title or right of possession upon him who has not the possession in fact. Whether the proceeding, therefore, is to recover the possession of real property, by one who is out of possession, or to quiet the title, by one in possession, it is, in either case, rightly designated by the statute as "an action."

But if it was in fact a "special proceeding," and rightly designated as such, the case would not be different; for, by Revision, sections 4173, 4174, the rules of proceeding prescribed for the commencement and conduct of civil actions, apply in all proceedings of a special character, unless in the provisions concerning such it is otherwise expressly provided. Our conclusion, therefore, is, that under our statute an action to quiet title may be brought and jurisdiction obtained by the service of notice by publication, or by personal service out of the State, in the manner provided for such service in other actions.

Our attention has been called to the case of *Macomber* v. *Jaffray et al.*, 4 Gray, 82, where it was said, under a statute similar to ours, to be the well-settled practice not to compel a party residing out of the commonwealth to bring a suit in the State courts; that to issue such an order would deprive a defendant of the election to sue in

the circuit court of the United States. The case is a very brief one, and does not set forth the facts sufficient to show whether the judgment was founded upon the ground that the plaintiff asked for an order of notice to bring the suit in a particular court, or upon the ground that there was no statute authorizing service of notice upon non-residents in such cases. Certain it is that the case does not decide that the legislature has no power to authorize service of notice in such actions, by publication or by personal service out of the State.

In the case of *Grant* v. *King*, 31 Mo. 312, also cited by appellant's counsel, it is held, under a statute very similar to ours, that actual notice is required in order to give the court jurisdiction; notice to a non-resident by publication is not sufficient. This case goes far toward sustaining the position assumed by the appellant's counsel; but it is grounded to a considerable extent upon the absence of actual notice, or notice in fact, as contradistinguished from " a mere notice in a newspaper." And the opinion, after commenting upon the distinction between a proceeding to subject the property of a non-resident to the payment of his debts, where service by publication was authorized expressly, and a proceeding to require a non-resident to show cause for not bringing a suit to try his title, where service by publication was not expressly authorized, concludes as follows: "We do not say that the legislature could not so make the law; it is not necessary to speculate on this point; but the statute we have been considering does not so declare expressly, and, as the proceeding is somewhat peculiar, it ought to be confined to such cases as clearly fall within the intent of the act."

Our statute, as we have seen, does expressly authorize service by publication or by personal service without the State, and this, whether it is to be regarded as " an action" properly so called, or a special proceeding. The power of the legislature to expressly authorize service to be

made in such cases, by publication or personal service without the State, has not been controverted in this case, even by appellant's counsel; they have only claimed that such service has not been authorized by our statutes. We hold that it has.

It has also been held by the supreme court of Missouri, in the case of *Von Phul* v. *Penn*, 31 Mo. 333, that the plaintiff in such proceedings, to quiet title under their statute, must be in the actual possession of the premises in order to entitle him to institute the proceedings, while our statute authorizes it " by one either in or out of possession." Rev., § 3601; see, also, *Rutherford* v. *Ullman*, 42 Mo. 216. See, also, a recent statute of this State expressly authorizing service by publication in such proceeding. Laws of 1870, p. 212. Since the notice was duly served in the manner authorized by the statute in such proceedings, the court has jurisdiction, and its judgment is therefore conclusive.

Our present conclusion is in accord with that reached by this court upon the first hearing. Two of the judges then on this bench have since retired, and their places are filled by two others, and all have agreed in the same conclusion. A rehearing was granted. One consideration leading thereto was the brevity of the opinion first filed, stating simply the conclusion reached, without discussing the grounds upon which it was rested.

Affirmed.