### GOSS v. CARTER.

#### (Circuit Court of Appeals, Fifth Circuit. October 28, 1907.)

#### No. 1,617.

**1. CORPORATIONS—STOCKHOLDERS' LIABILITY—SUIT BY RECEIVER IN FOREIGN JURISDICTION.**

Under Neb. Const. art. 11b, § 7, which provides that every stockholder in a banking corporation shall be individually liable to its creditors over and above the amount of his stock to an amount equal to his stock, which, as construed by the Supreme Court of the state, is self-executing and enforceable only after the assets of the corporation have been exhausted, by means of a suit in equity in behalf of all creditors against the corporation and its stockholders, in which all equities shall be adjusted, the total liabilities of the corporation ascertained, and a receiver or trustee appointed to collect from each stockholder his pro rata share of such liabilities, the amount due from the stockholders when so ascertained constitutes a trust fund, the legal title to which is vested in the receiver or trustee appointed, and he may maintain an action to recover the amount due from a stockholder in a foreign jurisdiction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2280½.

Stockholders' liability to creditors in equity, see notes to Rickerson Roller-Mill Co. v. Farrell Foundry & Machine Co., 23 C. C. A. 315; Scott v. Latimer, 33 C. C. A. 23.]

**2. SAME—SUIT TO ENFORCE STOCKHOLDERS' LIABILITY—CONCLUSIVENESS OF DECREE.**

In such an equity suit, each stockholder is represented by the corporation, having contracted with reference thereto, and is bound by the decree therein, although a nonresident of the state and not personally served with process.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2280½.]

**3. SAME—ACTION AGAINST STOCKHOLDER—LIMITATION.**

Limitation does not begin to run in favor of a stockholder against an action to enforce an assessment made against him under such constitutional provision until the entry of the decree fixing the amount of such assessment.

In Error to the Circuit Court of the United States for the Southern District of Texas.

This is an action brought by Charles A. Goss, a citizen of the state of Nebraska, against O. M. Carter, a citizen of the state of Texas. The plaintiff sued as receiver and trustee to recover from the defendant the amount of an assessment of 25.9 per cent. levied by the District Court of the Fourth Ju-

dicial District of the state of Nebraska upon $101,900 of stock alleged to be owned by the defendant in the American Loan & Trust Company, an insolvent bank organized under the Constitution and laws of Nebraska. In the Circuit Court a general demurrer with special exceptions to the petition was sustained, and the case is brought by the plaintiff to this court on writ of error. The general question presented to this court by the assignments of error is: Did the Circuit Court err in sustaining the demurrer to the plaintiff's petition? This involves three inquiries: (1) Has the plaintiff, as a receiver appointed in Nebraska the right to sue in Texas? (2) Is the defendant subject to suit on the decree of the Nebraska court? (3) Is the right of action barred by the Texas statute of limitations of four years?

The allegations of the petition bearing upon the questions raised by the general demurrer and special exceptions to it and by the assignments of error necessary to be decided are substantially as follows:

(1) The American Loan & Trust Company was a banking corporation organized under the laws of the state of Nebraska, and having an issued and fully paid capital stock of $400,000, divided into 4,000 shares of $100 each; and of these shares the defendant Carter owned 1,019. Said company became insolvent, and on May 10, 1894, a receiver was appointed by the Circuit Court of the United States for the District of Nebraska to liquidate its affairs. Such receivership was closed, and the suit wherein it was pending was terminated, September 28, 1898; the assets of the company having been exhausted without paying any portion of its indebtedness. The Circuit Court refused to entertain petitions in intervention offered by some of the five creditors hereinafter mentioned, having for their object the enforcement of the constitutional liability of the shareholders; but they were permitted to prove up their respective claims and to reduce the same to judgments, and they did so.

(2) Immediately upon the termination of the receivership suit in the United States Circuit Court for the District of Nebraska, the five creditors, Hamilton National Bank, Rutland County National Bank, Safety Fund National Bank, Gerard C. Tobey and New York Life Insurance Company, instituted in the District Court of the Fourth Judicial District of Nebraska a suit against American Loan & Trust Company and numerous persons alleged to be the stockholders, including the defendant Carter. By their amended petition filed in the suit October 4, 1898, the plaintiffs prayed that an order be made fixing a time within which other creditors of said American Loan & Trust Company might appear in said suit; that an account be had of the amount due each of said plaintiffs by said American Loan & Trust Company; that the several defendants sued as shareholders of said company be adjudged to be liable to the plaintiffs and to the other creditors of said company, over and above the amount of stock held by them, to a sum equal to the stock so held by them, for all the liabilities of said company accruing while they remained such stockholders; that the dates of the accrual of the debts due the several creditors be ascertained; that the amounts of stock held by the several defendants, and the periods of time during which such amounts were held, be determined; that the entire amount of the indebtedness of said company, in so far as the same might be represented in said suit, and the dates of the accrual thereof, and the names of the several stockholders at such dates, together with the amounts of such holdings, be determined; that the plaintiffs and such other creditors as might join in said suit have judgment against the several defendants to the extent of their liability; that a receiver be appointed to collect from said stockholders, under the authority and direction of the court, by execution or by other proper writ or process or by suit if necessary, or by such other proceedings as might be required fully to realize from said stockholders the amounts so found due said creditors, sufficient funds fully to pay and to satisfy the several amounts due to said creditors, with interest and costs, as well as the amounts due to such other creditors as might join therein; and they prayed for such other and further relief in the premises as might be just and equitable. No other creditors ever joined in said suit, or proved up their claims therein, or in any way became parties thereto.

(3) Process was served upon American Loan & Trust Company and upon several of the individual defendants, and the company and several individual de-

fendants appeared and resisted the suit. A protracted litigation ensued, in which the principal subject of dispute was the question whether the company was such a banking corporation as that under the Constitution of Nebraska the shareholders were liable for the debts of the company over and above the amount invested in their respective holdings of stock. The defendant, Carter, was not served, because not found, and he did not appear in the suit.

(4) In pursuance of a prayer of said amended petition, the plaintiff, Charles A. Goss, was appointed by said court by an interlocutory order made October 5, 1898, to be a temporary receiver in said suit, with authority to take such action as might be necessary to preserve the rights of the creditors against the estate of certain deceased shareholders, but without authority to proceed generally to collect the sums for which shareholders might be liable.

(5) On or about December 22, 1900, a decree was entered by said District Court in favor of the defendants, said court adjudging that no liability existed upon the part of the shareholders of said company. The plaintiff appealed from said decree to the Supreme Court of the state of Nebraska, which, on or about October 22, 1902, reversed the same and remanded the cause to the District Court for further proceedings. Thereafter another trial was had in said District Court, and on or about June 10, 1903, a final decree was entered whereby the shareholders of said company were adjudged to be liable to the creditors thereof for such amount, not exceeding sums equal to their respective holdings of stock, as might be necessary to discharge the indebtedness of said company, together with interest and costs.

(6) By said decree it was judicially ascertained, and such were the facts, that the corporate property of said American Loan & Trust Company had been exhausted before the commencement of said suit, and that after the exhaustion of such corporate property, and at the date of said decree, said company was still liable to the plaintiffs in said suit in certain sums whose several amounts and dates of accrual were duly ascertained. The aggregate of these items of indebtedness was $74,283.84, besides the costs of suit. It was further judicially ascertained by said decree, and such was the fact, that at the date thereof the sums due by American Loan & Trust Company to the five original plaintiffs in said suit constituted the entire indebtedness and liability of said company then outstanding and unpaid.

(7) By said decree, it was further adjudged, and such was the fact, that continuously from a date prior to the accrual of any of the claims of the said five plaintiffs certain named parties defendant in this suit had owned and held certain shares of the stock of American Loan & Trust Company, their aggregate holdings being 4,000 fully paid shares. Among the persons found to have been shareholders during the time of the accrual of all of the claims sued upon was the defendant, O. M. Carter, who was found to have owned during all of said time 1,019 shares, amounting to $101,900. By said decree it was further adjudged, and such was the fact, that American Loan & Trust Company was a duly incorporated banking institution, each of whose stockholders was liable individually to its creditors, over and above the amount of stock by him held, to an amount equal to the stock by him held for all the liabilities of said company accruing while he remained such stockholder.

(8) By said decree it was further adjudged that, in order to satisfy the indebtedness of said corporation, with interest and costs, it was necessary to collect from each of the solvent holders of the stock of said company a sum equal to 38.4 per cent. of his total liability. And it was ordered and decreed that each of the defendant shareholders pay to the said Charles A. Goss, as receiver and trustee, for the use and benefit of said five creditors pro rata, an amount equal to the shares of stock found to have been held by him, or so much thereof as might be required to satisfy the claims of said creditors, with interest and costs. A first assessment of 38.4 per cent. was levied by said decree; but, this assessment having been found to be excessive by reason of an error in computation, afterwards, to wit, on December 17, 1904, it was reduced to 25.9 per cent.

(9) By said decree it was further ordered and decreed that Charles A. Goss, the plaintiff herein, who theretofore had been appointed temporary receiver on October 5, 1898, should be, and thereby was, continued in office with all the powers and authority wherewith he was clothed by said order of October 5,

1898, and that, in addition to such powers and authority, he was further invested as trustee for the said creditors, to wit, for Hamilton National Bank, Rutland County National Bank, Safety Fund National Bank, Gerard C. Tobey, and New York Life Insurance Company, with the ownership of the legal title to all the rights of action under said assessment of 38.4 per cent., and under all other assessments that subsequently might be made by the court, with power, authority, and jurisdiction as such receiver and trustee to collect by execution, or by suit, if necessary, in his own name as receiver and trustee, in any court anywhere, or otherwise, from each of said stockholders the full amount of said assessment and of such other assessment as thereafter might be made by the court, until the full sum found to be due to said creditors, with interest and costs, should be collected and paid, or until the entire liability of each and all of the solvent defendants should be exhausted.

(10) By said decree it was further ordered and decreed that said suit should be, and thereby was, held upon the docket of said court, and that jurisdiction thereof and of the parties thereto should be and was retained for the purpose of entertaining application for the making of such other and further orders and assessments as might be requisite to obtain the full satisfaction and payment of the debts due to the said creditors, with costs.

(11) The plaintiff herein, Charles A. Goss, on June 10, 1903, accepted the appointment made by said decree, and on June 16, 1903, he filed his bond in accordance with the terms of said decree, and duly qualified as receiver and trustee in pursuance thereof.

(12) From the decree rendered by the District Court June 10, 1903, as aforesaid, American Loan & Trust Company and several individual defendants in due season appealed to the Supreme Court of the state of Nebraska. By the Supreme Court said decree was affirmed on or about June 9, 1904. A motion for the rehearing of the cause by the Supreme Court was duly filed by the appellants, and was overruled November 16, 1904, by said court, which issued its mandate to the District Court on or about November 28, 1904. Said mandate was filed in the District Court on or about December 13, 1904.

(13) Said decree was entered at the instance and suit of Hamilton National Bank, Rutland County National Bank, Safety Fund National Bank, Gerard C. Tobey, and New York Life Insurance Company, who were the plaintiffs in said cause, and who at the time of the rendition of said decree were the only creditors of said American Loan & Trust Company, and who as such alone were entitled to the benefit of all the liability imposed by the Constitution of the state of Nebraska upon the owners and holders of stock in said company and of all the liability assumed and undertaken by the owners and holders of stock in said company by virtue of their subscription therefor and of their acceptance of certificates issued therefor by said company. Said decree was entered with the full knowledge and consent of each and all of said creditors, and no one of them made any objection thereto. An appeal was taken from said decree by parties defendant in said suit, and all of said creditors appeared in the Supreme Court of the state of Nebraska, and there maintained the correctness of said decree and procured by their efforts its affirmance by said Supreme Court. Ever since its rendition and affirmance they have ratified said decree with all its terms and conditions, and have taken the benefit thereof. By virtue of the provisions of the Constitution of the state of Nebraska, as construed and applied by the Supreme Court of that state, the liability of the shareholders of said American Loan & Trust Company was constituted trust fund for the benefit of all of the creditors of said company. By virtue of said decree, and of the circumstances under which the same was rendered and affirmed as aforesaid, the plaintiff herein, Charles A. Goss, has been made the trustee to execute the trust and administer the trust funds established as aforesaid, and has been vested with the legal title to all rights of action growing out of the liability of the shareholders of said American Loan & Trust Company and of all assessments made for the enforcement thereof.

(14) After the Supreme Court had affirmed said decree of the District Court, and overruled the motion of the appellant for a rehearing of the cause and had issued its mandate to the District Court, the plaintiffs in said suit filed in the District Court on or about December 8, 1904, a motion wherein they averred that the assessment of 38.4 per cent. levied by said decree upon the stockholders was greater than probably would be needed; the amount of said

assessment having been fixed at 38.4 per cent. by reason of a mistake in computation. By said motion the plaintiffs prayed that the decree be amended and corrected, so that the first assessment should be of 25.9 per cent. of the par value of the shares of stock held by each shareholder, instead of 38.4 per cent. Due notice was given of said motion to all parties who had been served, or had appeared in the case; and upon the hearing thereof on or about December 17, 1904, an order was entered so amending said original decree of June 10, 1903, as to levy upon the par value of the shares of stock held by each shareholder in said American Loan & Trust Company a first assessment of 25.9 per cent., and no more, in lieu of the first assessment of 38.4 per cent. originally levied by said decree.

(15) Thereafter, on or about January 11, 1906, in said District Court of the Fourth Judicial District of the state of Nebraska, the plaintiff herein, Charles A. Goss, filed as receiver and trustee a petition for the construction of said original decree of June 10, 1903, praying that the court interpret said decree, and instruct said receiver and trustee whether the assessment levied upon the shareholders by said decree as amended was levied against each and all of the shareholders of said American Loan & Trust Company, or only against such of said stockholders as were not found in said decree to be insolvent. On or about January 13, 1906, in response to such petition, said decree was interpreted by said District Court, and an order was entered, whereby this plaintiff, as receiver and trustee, was directed to collect from each and all of the stockholders of said American Loan & Trust Company said first assessment of 25.9 per cent. of the par value of the stock by them severally held; such being the true intent and meaning of said original decree.

(16) On or about January 13, 1905, an execution was duly issued by the District Court of the Fourth Judicial District of the state of Nebraska upon said original decree of June 10, 1903, as amended, whereby the sheriff of Douglas county, Neb., was commanded to levy of the goods and chattels in his county of each of the defendants in said suit a sum equal to 25.9 per cent. of the par value of the stock by him held for the satisfaction of the indebtedness of American Loan & Trust Company to the plaintiffs in said suit and of the costs therein incurred. Said execution on or about January 15, 1905, was returned unsatisfied, no property having been found belonging to any of the defendants upon which to levy the same. Thereafter, on December 13, 1905, the present action was begun by the filing of an original petition therein in the Circuit Court of the United States for the Southern District of Texas.

The defendant's demurrer to the petition raised the questions which are stated above and discussed in the opinion.

Maurice E. Locke (James H. McIntosh, John Charles Harris, Edward F. Harris, and Eugene P. Locke, of counsel), for plaintiff in error.

W. G. Love and J. C. Hutcheson, Campbell & Hutcheson, for defendant in error.

Before McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

SHELBY, Circuit Judge (after stating the facts as above). The decision which we have determined to make in this case we think is sustained, if not required, by the opinion of the Supreme Court in Bernheimer v. Converse (decided May 27, 1907) 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163, after the learned trial judge had sustained the demurrer to the petition.

1. It is held by the Supreme Court in Booth v. Clark, 17 How. 322, 15 L. Ed. 164, and in later cases, that a chancery receiver, having no other authority than that which arises from his appointment, cannot maintain an action in another jurisdiction. It is contended that the rule established in these cases is applicable to the plaintiff here, and

that, as he is a receiver appointed in Nebraska, he cannot maintain an action in Texas. It is important, therefore, to ascertain whether he is vested by law with other rights than merely those conferred on him as a chancery receiver. The plaintiff was made receiver by the Nebraska court as a part of the procedure to enforce liabilities of stockholders fixed by the Constitution of Nebraska. The sections in question are parts of article 11b, and are as follows:

"Sec. 7. Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to his respective stock or shares so held, for all its liabilities accruing while he remains such stockholder; and all banking corporations shall publish quarterly statements under oath of their assets and liabilities."

"Sec. 4. In all cases of claims against corporations and joint stock associations, the exact amount justly due shall be first ascertained, and after the corporate property shall have been exhausted the original subscribers thereof shall be individually liable to the extent of their unpaid subscription, and the liability for the unpaid subscription shall follow the stock."

These provisions are self-executing. They require no supplementary legislation. The liability imposed by them is a trust fund for the benefit of all creditors of the corporation. The only proper way to enforce the liability is by suit in equity in behalf of all the creditors against the corporation and stockholders, in which suit all equities should be adjusted and a receiver or trustee appointed to collect from each his pro rata share of the total indebtedness of the corporation for the benefit of all the creditors. This constitutional liability of the stockholders cannot be enforced till the indebtedness of the corporation is judicially ascertained and the assets of the corporation exhausted by legal process. The following are among the Nebraska cases which place these constructions on the Nebraska Constitution: Farmers' Loan & Trust Co. v. Funk, 49 Neb. 353, 68 N. W. 520; State v. German Savings Bank, 50 Neb. 734, 70 N. W. 221; German National Bank v. Farmers' & Merchants' Bank, 54 Neb. 593, 74 N. W. 1086; Van Pelt v. Gardner, 54 Neb. 701, 75 N. W. 874; Hastings v. Barnd, 55 Neb. 93, 75 N. W. 49; Brown v. Brink, 57 Neb. 606, 78 N. W. 280; Hamilton National Bank v. American Loan & Trust Co., 66 Neb. 67, 92 N. W. 190; s. c. on second appeal, 72 Neb. 81, 100 N. W. 202. The plaintiff appointed in such proceeding is not a mere custodian of property, but he is clearly vested with the legal title. The terms of the Nebraska Constitution point out a trust fund in the event of the insolvency of the corporation. The construction placed on the Constitution by the Nebraska courts makes a receiver or trustee necessary to the enforcement and administration of the trust. When appointed, he has the legal title to the trust fund, with the power and charged with the duty to collect it for the creditors of the corporation. He represents all the creditors entitled to share in the fund. In such case the receiver can sue in a foreign jurisdiction. Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 761, 51 L. Ed. 1163; Howarth v. Lombard, 175 Mass. 570, 579, 56 N. E. 888, 49 L. R. A. 301; King v. Cochran, 76 Vt. 141, 56 Atl. 667, 104 Am. St. Rep. 922; Glenn v. Soule (C. C.) 22 Fed. 417.

2. A question is raised as to the effect of the decree on which this

suit is brought. It may be stated as a general rule that a stockholder is a part of the corporation to the extent that he is privy to the proceedings to which the corporation was a party, and that he is bound by a decree of a court against the corporation in the enforcement of a corporate duty, although not a party as an individual, but only through representation by the company. Sanger v. Upton, 91 U. S. 56, 23 L. Ed. 220. In Hawkins v. Glenn, 131 U. S. 319, 9 Sup. Ct. 739, 33 L. Ed. 184, an assessment ordered by a court which had jurisdiction of the corporation was held binding on the stockholders residing in another state, although not made parties as individuals. The assessment sued on in that case was on a subscription for stock, but the principle involved here is the same. When the defendant became a stockholder in the American Loan & Trust Company, it is presumed that he did so with knowledge of the laws of Nebraska which controlled the company. By those laws, as a stockholder, he became individually responsible and liable to its creditors over and above the amount of stock by him held to an amount equal to the stock so held for all of the company's liabilities accruing while he remains a stockholder. This liability is not only statutory, but it is contractual; the law imposing the liability being a part of the contract of the stockholder with the corporation. The Nebraska Constitution also provides the conditions upon which this liability was to be enforced. It is a liability secondary in its nature, to be enforced only when necessary to protect the corporation's creditors. The exact amount of the claims against the corporation must be first judicially ascertained, the assets of the corporation exhausted, and the amount required by each stockholder necessary to satisfy the company's unpaid debts must be also judicially ascertained. Such is the effect of the sections of the Nebraska Constitution which we have quoted, as construed by the Supreme Court of the state. The defendant, having contracted with reference to these requirements, is bound by them, and in a proceeding to enforce them he is represented by the corporation. He is necessarily bound by all valid proceedings had pursuant to the statute which controls the settlement of the affairs of the corporation. Howarth v. Lombard, 175 Mass. 570, 56 N. E. 888, 49 L. R. A. 301; King v. Cochran, 76 Vt. 141, 56 Atl. 667, 104 Am. St. Rep. 922; Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163.

What we have said on this point is sufficient for the decision of this case; for it is now presented to us on a ruling upon a demurrer to the petition. As to what defenses may be made to a suit on a decree like the one in question is not now to be decided. The main reason for holding the decree making the assessment binding on the stockholder is that his obligation is contractual, and that it contemplates the possibility of an assessment by a court. The defendant would, of course, be allowed to impeach the decree of assessment for fraud, and it has been said that such decree does not cut off defenses personal to the stockholder; that, for example, he may show that he is not a stockholder, or that he is not a stockholder for so large amount as is alleged. But we are of opinion that, as a member of the corporation, the defendant is bound, without personal notice to him, by the decision of the courts of the state where the corporation is organized, made in the

administration of its affairs on its insolvency, determining the amount of its assets and liabilities and the amount of assessment which should be made on its stockholders. Being so bound, a demurrer to the petition because the defendant was not individually served with process in the Nebraska suit should have been overruled.

3. It is contended that the right of action is barred by the statute of limitations of four years. Rev. St. Tex. 1895, § 3356. The stockholder's liability which this suit is brought to enforce is secondary and conditional. It is based on the Nebraska Constitution, which we have quoted, and, while the corporation's creditors are permitted to take steps to settle the affairs of the corporation and fix the exact amount of such secondary liability, they are not permitted individually or in groups to sue for the liability to satisfy their own claims. It appears from the petition that the amount sued for was not decreed against the defendant till June 3, 1903. The suit was brought in the Circuit Court December 13, 1905, which is in less than four years of the date of the decree sued on. The statute of limitations did not begin to run till the decree of assessment was rendered and the receiver appointed. Bernheimer v. Converse, 206 U. S. 516, 27 Sup. Ct. 755, 51 L. Ed. 1163. The petition does not show that the suit is barred by the statute of limitations of four years, and therefore it is not amenable to demurrer on that ground.

The judgment of the Circuit Court is reversed, and the case is remanded, with instructions to overrule the demurrer to the petition and to grant a new trial.