GEORGE H. HOLLISTER, Receiver, Plaintiff, MACKENZIE STEWART, Intervenor, Appellant, v. THE VERMONT BUILDING COMPANY and F. L. EATON, Receiver, Appellees.

Practice in Federal Courts: APPLICATION OF STATE STATUTES: JURISDICTION: VALIDITY OF JUDGMENT. Where there is no provision of the federal statute governing the service of notice or subpoena, the statute of the state on the subject where the federal court is held will govern, even in an equity action, if reasonable and adapted to the purpose; and where the federal court has applied the state statute, finding it sufficient to confer jurisdiction, the state courts will not reach a contrary conclusion: so that where the officers of a domestic corporation, residents of another state, absented themselves from the state and provided no place of business therein, and the federal court in a suit to dissolve the corporation

and appoint a receiver, in the absence of a federal statute, adopted the state statute as to service of notice on corporations and determined that it had acquired jurisdiction thereby, the judgment in the state court will be given effect and the receiver permitted to sue therein.

**Judgments:** FRAUD IN OBTAINING SAME: JURISDICTION. Where a default judgment against a corporation was set aside and a federal court entered a decree of dissolution and appointed a receiver, and thereafter an intervener caused the action in the state court to be redocketed, alleged ownership of the original cause of action and obtained judgment without notice to the receiver and without disclosing the previous history of the case, the judgment so obtained is held to have been without jurisdiction and should be set aside at the suit of the receiver on the ground of fraud.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

WEDNESDAY, FEBRUARY 10, 1909.

THIS is a proceeding by F. L. Eaton, as receiver of the Vermont Building Company, to set aside a judgment against said company obtained by the intervener; irregularity and fraud and want of jurisdiction being alleged. Defendant answered with a general denial, and pleaded a want of authority in the receiver to bring the proceeding, in that his appointment was had without jurisdiction. In the trial below judgment and decree was entered for the petitioner, F. L. Eaton, receiver, as prayed. The intervener, Mackenzie Stewart, appeals.—*Affirmed.*

*A. Van Wagenen,* for appellant.

*Hubbard & Burgess,* for appellee.

EVANS, C. J.—The Vermont Building Company was a corporation organized under the laws of the State of Iowa, with its principal place of business at Sioux City. It was organized for the sole purpose of erecting and

managing for profit a certain building known as the Masonic Block. Another corporation known as the Farmers' Trust Company was interested and active in promoting its organization, and for some time owned and held all of its common stock, consisting of six hundred shares. Its preferred stock consisted of three hundred and fifty shares, the larger part of which was owned by one William T. Honsinger, of the State of New York. The Farmers' Trust Company went into the hands of a receiver, G. H. Hollister. In 1897 Hollister, as receiver of the Farmers' Trust Company, brought an action on account against the Vermont Building Company, and obtained a judgment by default for something over $3,000. Some time afterwards certain minority stockholders owning preferred stock brought a suit in equity to set aside such judgment as having been obtained by fraud and upon a fictitious claim. This suit is known in the record as No. 17,111. The plaintiffs in the equity suit filed application also in the original suit brought by Hollister asking to set the judgment aside. This latter application and the equity suit were consolidated and tried together, and a decree entered therein granting the relief prayed. The decree in the equity suit is not set out in the record, but a full copy of the petition upon which the decree was entered is set out; and, as against appellant, we must assume that the allegations of the petition in the equity suit were sustained in the decree. An order was also entered in the original suit vacating and setting aside the judgment. The decree in question and the order referred to were entered in September, 1901. From and after the entry of such decree Hollister treated the claim originally sued on by him as invalid and void, and canceled the same, and in 1903 made his final report as receiver of the Farmers' Trust Company, and received his discharge.

In the equity suit referred to the petition charged that Hollister was an officer of the Vermont Building

Company at the time that he took judgment against it by default.   It was also charged that Hollister and Honsinger were working together against the interest of the Vermont Building Company for the purpose of gaining control thereof, to the detriment of the minority stockholders, and that the taking of the judgment by default was a part of such scheme.   After the judgment referred to was set aside, Honsinger became the owner of all the common stock.   At the annual meeting of 1904 he caused himself to be elected president of the corporation, and caused all other officers of the corporation to be elected, the same consisting of members of his family and his attorney, all of the same being residents of the State of New York.   In the meantime there had been a foreclosure sale of the Masonic Block, which comprised all the property owned by the corporation, except a surplus of cash on hand as a part of the proceeds of the sheriff's sale.   At the time Honsinger and his family became officers of the corporation the period of redemption from the sheriff's sale had not expired.   The assets of the corporation consisted of something over $13,000 in cash, and the equity of redemption.   Honsinger closed the local office, removed all the books, papers, cash and property of every kind belonging to the corporation to the State of New York, and never made redemption from the sheriff's sale.   After the issuance of a sheriff's deed to the purchaser, the minority stockholders brought a proceeding in the federal court sitting at Sioux City to wind up and dissolve the corporation, and to appoint a receiver to take charge of its affairs, and the petitioner, F. L. Eaton, was appointed as such receiver. The federal court entered an order prescribing the notice or subpoena to be served upon the corporation, and ordered that the same be served upon its president in the State of New York.   Such service and return thereon having been made, the court entered a decree dissolving the corporation and confirming the appointment of Eaton

as receiver, which final order was made on the 9th day of December, 1905.   On December 23, 1905, the intervenor Mackenzie Stuart, a son-in-law of Honsinger, and a resident of New York, appeared by attorney in the district court of Woodbury County, it being the last day of its November session, and caused to be entered upon the docket the former case of *Hollister, Receiver, v. Vermont Building Company,* which is the case whose title is carried at the head hereof.   He filed therein an alleged petition of intervention, alleging that he had become the owner by assignment from Hollister of the cause of action originally alleged therein, and asked judgment therefor. He presented to the trial judge a letter written by Honsinger in the State of New York, as president of the corporation, stating that the claim was just, and that there was no defense thereto, and then and there obtained an entry of judgment as prayed.   The trial judge had no knowledge of the past history of the case.   The receiver of the corporation had no knowledge of this proceeding until the month of May, 1906, whereupon he filed his petition to annul and set aside the judgment entry.   The principal defense urged against this proceeding is that Eaton is without authority to represent the defendant as receiver, because the court was without jurisdiction to appoint him.   The alleged want of jurisdiction is based upon a want of service of notice upon the officers of the corporation, and we shall give our first consideration to this question.

I.   As already indicated, the Vermont Building Company was an Iowa corporation, with its principal place of business at Sioux City.   It was organized for the sole purpose of transacting business at Sioux City, and never did transact business at any other place.   Its officers were all residents of the State of New York.   They all absented themselves from the State of Iowa, and took therefrom

1. PRACTICE IN FEDERAL COURTS: application of State Statutes: jurisdiction: validity of judgment.

all the books, papers and property of the company. They provided no place of business for the corporation in the State of Iowa. The corporation could not be sued in the federal court in any other district than the Northern district of the State of Iowa. The contention of the intervenor is that the federal court for such Northern district could not acquire jurisdiction over the corporation, except by service of notice or subpoena *within the district.* His contention is that there is no federal statute which permits a notice or subpoena to be served in such a case in another State, and that the federal court, therefore, acquired no jurisdiction of the corporation by serving notice upon its president in the State of New York. If this contention be correct, the situation was unique. The corporation could not be sued in New York because it was in Iowa. Jurisdiction to sue it could not be acquired in Iowa because its officers were in New York. The course followed by the federal court was to recognize the fact that the federal statutes contained no provision applicable to the case. It, therefore, followed the provisions of the Iowa statute as to the service of notice upon corporations, and ordered that service be made accordingly, and it was done. The federal court held that this was sufficient to confer jurisdiction upon it. In pursuance of such notice it assumed jurisdiction and entered decree. In pursuance of such decree Eaton holds his office as receiver, and appears as such in this case. Shall we hold the proceeding void for want of jurisdiction in that court? The rule that practice in the federal courts will follow the statute of the state where such federal court is held has application ordinarily to law cases only. The rule is not regarded as binding upon the federal courts in equity cases. Nevertheless it has been held repeatedly that even in an equity case, "when there is no applicable provision of a federal statute, the procedure of the State statutes may be followed, if deemed reasonable and adaptable to the purpose." *To-*

*ledo Scale Co. v. Scale Company,* 142 Fed. 919 (74 C. C. A. 89); 1 Foster's Fed. Prac. (3d Ed.) 254. Where, therefore, the federal court does adopt the provisions of the statute of our State, in the absence of an applicable provision in the federal statutes, and follows the provisions of such statute, and finds it sufficient to confer jurisdiction upon it, we can conceive of no valid reason why we should reach a contrary conclusion. The course followed by the federal court seems to us as the rational and natural solution of the anomalous situation. The situation itself was purposely created by the persons whose interests would be subserved by defeating the jurisdiction of the appointing court.

II.   It is urged by the appellant that the obtaining of the judgment in the manner in which it was done involved nothing more than an irregularity, and that this question could only be raised by motion filed before the succeeding term, and that the petitioner is therefore too late. This point is not well taken. It is putting it mildly to call the procedure adopted an irregularity. Not only was the court justified in finding that fraud was practiced in obtaining the judgment within the meaning of the statute, but we think there was an utter want of jurisdiction. The power of the court to expunge a record entered without jurisdiction exists independent of the statute, and without reference to statutory time. In this case, however, the petitioner did file his application within one year, as provided by the statute.

2. JUDGMENTS: fraud in obtaining same: jurisdiction.

The judgment of the court below was right, and it is *affirmed.*