L. R. BAIRD, Receiver, Appellee, v. ELI COLE, Appellant.

FEBRUARY 12, 1929.

*Eli Cole*, for appellant.

*Kenline, Roedell, Hoffmann & Tierney,* for appellee.

Stevens, J.—I. The petition, to which a demurrer was filed, contains all necessary formal allegations. The material statutes of the state of North Dakota, in which the insolvent banking corporation is located, are set out in the pleading.

The demurrer challenges the sufficiency of the petition to state a cause of action, upon three grounds: (a) That a copy of the alleged judgment of the North Dakota court, determining  the necessity for an assessment upon stockholders, and ordering the same made, is not attached to the petition; (b) that a nonresident receiver of a state banking corporation may not maintain an action in this state, to enforce the statutory liability of a stockholder, either as a matter of right or comity; and (c) that he was not served with notice of the proceeding for the assessment.

The petition sets out what purports to be a copy of Section 5168, Compiled Laws of 1913 of the state of North Dakota, relating to banking corporations, as follows:

"The shareholders of every association organized under this chapter shall be individually responsible, equally and ratably and not one for another, for all contracts, debts and engagements of such association made or entered into to the extent of the amount of his stock therein at the par value thereof, in addition to the amount invested in and due on such shares. Such individual liability shall continue for one year after any transfer or sale of stock by any stockholder or stockholders."

It is also alleged that, upon a hearing had before the district court of Burleigh County, North Dakota, a court of competent jurisdiction, and having jurisdiction of the receivership of the insolvent banking corporation, on March 4, 1926, it was held and determined by the court that an assessment of 100 per cent on the shares of the capital stock of such insolvent corporation was necessary, and same was ordered. This finding and order followed a showing of assets and liabilities of the insolvent bank, and no question is raised by the demurrer as to the regularity of the proceedings. It is not alleged in the petition that notice of the hearing or proposed assessment was served upon appellant or

other stockholders. It does not appear from the allegations of the petition that a judgment was, or could be, entered by the court against stockholders in any of the proceedings mentioned. The superadded liability of a stockholder created by the statute is, under the laws of North Dakota, as well as the laws of this state, contractual in character. *Corrington v. Crosby,* 54 N. D. 614 (210 N. W. 342) ; *Hirning v. Hamlin,* 200 Iowa 1322.

The action is not, therefore, based primarily upon a judgment, but is an action to recover upon a statutory liability contractual in character. So far as appears upon the face of the  petition, the laws of North Dakota do not provide for making stockholders a party to the proceeding for the assessment against them upon their statutory liability, or for the rendition of a judgment in such proceeding. The action is not, therefore, upon a judgment, and it was not necessary that a copy of the finding and order of the court in the proceedings for the assessment be incorporated in or attached to the petition. Proof thereof was all that is required.

II. It is, and has long been, the rule in this state that a mere chancery receiver of an insolvent corporation appointed in another state may not maintain an action in the courts of this state, either as a matter of right or comity. *Wyman v. Eaton,* 107 Iowa 214; *Hirning v. Hamlin,* supra. An exception to this rule has been recognized in this state, and prevails in the United States courts, and in many, if not all, state jurisdictions. It is that a receiver appointed by the courts of a foreign state in which the law imposes upon him the duty of enforcing the statutory liability of stockholders will be permitted, as a matter of comity, to sue stockholders resident in another jurisdiction. This rule is subject to some modifications and exceptions not here material. The theory upon which the rule is based is that title to the right of action and the assets to be recovered passes to the receiver, as quasi assignee. *Hirning v. Hamlin,* supra; *King v. Cochran,* 76 Vt. 141 (56 Atl. 667) ; *Homer v. Barr Pumping Engine Co.,* 180 Mass. 163 (61 N. E. 883) ; *Howarth v. Lombard,* 175 Mass. 570 (56 N. E. 888) ; *Shipman v. Treadwell,* 208 N. Y. 404 (102 N. E. 634) ; *Murtey v. Allen,* 71 Vt. 377 (45 Atl. 752) ; *Goss v. Carter,* 84 C. C. A. 402 (156 Fed. 746) ; *Bernheimer v. Converse,* 206 U. S. 516 (51 L. Ed. 1163) ; *Converse v.*

*Hamilton*, 224 U. S. 243 (56 L. Ed. 749); High on Receivers (4th Ed.), Sections 241a and 317c.

It is alleged in the petition that it is provided by Chapter 53, Laws of 1915 of the state of North Dakota, that it shall be the duty of the receiver of an insolvent state banking corporation to enforce the superadded statutory individual liability of stockholders, and to make proper distribution of the assets received by him which are for the benefit of creditors and do not, under the laws of North Dakota or of this state, belong to the insolvent. *Corrington v. Crosby*, supra; *Andrew v. Farmers Tr. & Sav. Bank*, 204 Iowa 243. To permit this action to be maintained as a matter of comity in no respect violates the public policy or laws of this state.

III. It is true that, in a proceeding in this state for the assessment of a stockholder's liability, it is necessary that he be made a party thereto. This requirement is, however, statutory, and necessarily relates only to proceedings in the courts of this state for that purpose.

Prior to the enactment of Chapter 208, Acts of the Eighteenth General Assembly (Code Section 1882 of the Code of 1897), which requires the parties interested to be brought into court, stockholders were not necessary parties to such proceedings. *Elson v. Wright*, 134 Iowa 634.

The law of the state of North Dakota must control in the determination of the rights and obligations of stockholders in this case, and the procedure to be followed in fixing such liability. *Hirning v. Hamlin*, supra. The liability, being contractual in character, although created by statute, is transitory, and an action may be maintained thereon after the necessity for an assessment is determined by the court having jurisdiction, in pursuance of the laws of the state in which the receivership is pending.

Manifestly, there is nothing in the record of this case to indicate that creditors of the insolvent corporation residing in this state will be in any way prejudiced by this action. The judgment is affirmed.—*Affirmed*.

ALBERT, C. J., and DE GRAFF, MORLING, and WAGNER, JJ., concur.