[No. 26199.  Department One.  August 27, 1936.]

D. W. BATES, *as Receiver, Respondent,* v. LOUISE G.
COOLEY, *Appellant.*[1]

¹Reported in 60 P. (2d) 23.

490

*Wright, Jones & Bronson,* for appellant.

*Ballinger, Clark, Mathewson & Force* and *Joe S. Pearson,* for respondent.

STEINERT, J.—This is an action brought by the receiver of an insolvent bank located in Iowa to enforce the superadded liability of a stockholder residing in Washington. Trial by the court resulted in a judgment for plaintiff. The defendant has appealed.

There is no dispute as to the facts, which are as follows: On and prior to June 16, 1932, American Savings Bank & Trust Company of Burlington, Iowa (hereinafter referred to as the bank), was a banking corporation capitalized at three hundred thousand dollars, represented by three thousand shares of capital stock of the par value of one hundred dollars each. Appellant owned fifty shares of the stock, having a total par value of five thousand dollars. On the date just mentioned, the bank closed its doors by reason of its insolvency, and, on the following day, a district court of Iowa appointed the state superintendent of banking as receiver of the bank's assets, in accordance with the laws of that state.

In a proceeding subsequently brought by the receiver in the district court, and after service by publication upon the appellant, who then resided in Washington, the Iowa court entered a decree fixing an assessment

of one hundred per cent against all of the stockholders in proportion to their respective stock holdings and rendering judgment against them for the respective amounts of their capital stock at par value. The appellant did not appear in that proceeding.

After obtaining that decree, the receiver brought an action against the appellant in the superior court of King county, in this state, to recover the amount of her assessment liability, namely, five thousand dollars. Upon a trial of that action, the court made a finding to the effect that the assessment proceeding in the Iowa court was invalid as to the appellant, for the reason that the notice by publication was ineffectual for any purpose. The action was, accordingly, dismissed, but without prejudice to the bringing of another action by the receiver on compliance with the laws of Iowa.

The receiver then filed an amended petition in the original proceeding in the Iowa court, setting forth therein that some question had arisen as to the validity of the service by publication upon appellant herein, and asking that the original decree be vacated as to her and a hearing *de novo* be had in so far as it affected appellant's liability for assessment. An *alias* notice was issued and was served personally upon the appellant in Seattle, Washington. The matter came on duly for hearing, and, the appellant not appearing, the district court of Iowa entered a supplemental decree vacating the former decree so far as appellant was concerned and adjudging, among other things, that an assessment be made against appellant in the sum of five thousand dollars. The supplemental decree, however, differed from the original decree in that it did not assume to direct judgment against the appellant for the amount of the assessment, as had been done in the original decree.

Having obtained the supplemental decree, the receiver instituted the present action in this state to recover from the appellant the amount of the assessment fixed by the Iowa court. The appellant appeared and filed her answer, which contained a general denial and several affirmative defenses. From the judgment entered in the action, this appeal was taken.

Appellant's assignments of error present three questions for determination.

The first contention of appellant is that the laws of Iowa prescribe an exclusive method for the enforcement of the statutory liability of stockholders of an insolvent bank, and that such method was not followed by the respondent in this case. In order to have a clearer understanding of appellant's contention, it will be necessary to make reference to certain statutes of the state of Iowa.

The general provisions relating to banks and trust companies in Iowa appear in chapter 415, Code of Iowa, 1927, §§ 9218 to 9283, inclusive.

Section 9251 provides that all stockholders of savings and state banks shall be individually liable to the creditors, over and above the amount of stock held by them therein, to an amount equal to their respective shares, for all the liabilities of such banks accruing while they remain such stockholders. The language of this section is practically identical with that contained in Art. VIII, § 9 of the Iowa constitution.

Section 9253, under which the assessment proceeding in Iowa was brought, reads as follows:

"The assignee or receiver of any such corporation, or in case there is none, or of his failure or refusal to act, any creditor thereof, may maintain an action in equity to determine the liability of the stockholders, and the amount to which each creditor shall be entitled; *and all parties interested shall be brought into court.*" (Italics ours.)

The principal controversy in this case arises out of the construction to be placed on the italicized portion of this section of the statute.

Turning now to the Iowa statutes governing process and its service, we note the following:

Section 11055 provides that an action in a court of record shall be commenced by serving the defendant with a *notice* informing him of the name of the plaintiff, the cause of action stated in general terms, the term of court at which the defendant shall appear, and the date when, and the place where, the court will convene.

Section 11059 provides that the defendant shall be *held to appear* at the *next* term after service, in the following instances: (1) If he be served within the county where the action is brought, and in such time as will leave at least ten days between the day of service and the first day of the next term; (2) if he be served without the county, but within the judicial district, and in such time as will leave at least fifteen such days; and (3) if he be served *elsewhere,* and in such time as will leave twenty such days for every one thousand miles, or fraction thereof, extending between the place of trial and the place of service. If served otherwise than as just indicated, the defendant shall be *held to appear* at the *second* term after service.

Section 11060 prescribes that the notice shall be served by delivering the same to the defendant personally or by leaving it at his usual place of residence with a person designated in the statute, or else by taking the defendant's acknowledgment of service.

Section 11081 provides for service by publication in eleven specifically designated kinds of action or proceeding. Actions to determine stockholders' liability, however, are not mentioned in any provision of this

section. Section 11086 provides that actual personal service of the notice within or without the state shall supersede the necessity for publication. Section 11600 provides that no personal judgment shall be rendered against a defendant served by publication only who has not made an appearance.

We now revert to appellant's contention stated above. It is first asserted that, under the law of Iowa, a person holding stock in a bank which has become insolvent, cannot be held liable for an assessment upon his stock, unless he is brought into the proceeding for assessment. This is undoubtedly the law of Iowa. Such proceedings furnish an exclusive remedy for the establishment of liability to assessment, and when an adjudication of such liability is made, according to the manner prescribed, it becomes conclusive. *Elson v. Wright,* 134 Iowa 634, 112 N. W. 105; *Andrew v. Farmers' Trust & Savings Bank,* 204 Iowa 243, 213 N. W. 925, 56 A. L. R. 521; *Williams v. McCord,* 204 Iowa 851, 214 N. W. 702; *Andrew v. Commercial State Bank,* 206 Iowa 1070, 221 N. W. 809; *Baird v. Cole,* 207 Iowa 664, 223 N. W. 514. In this connection, see, also, Restatement of Conflicts (1934), § 186, comment (c); 3 Zollman, Banks and Banking (1936), § 1865, p. 386; 13 Fletcher, Cyclopedia Corporations (Perm. Ed. 1932), § 6522.

It is next asserted that appellant was not "brought into court" in the assessment proceeding, as is required by § 9253, *supra.* At this point, we may remark that, in the case of *Chandler v. Miller,* 168 Wash. 563, 13 P. (2d) 22, this court upheld a judgment obtained in this state against a local resident holding stock in a Minnesota company, upon a superadded stock liability which had been previously fixed by assessment against him in that state. In the recent case of *Chandler v. Peketz,* 297 U. S. 609, 56 S. Ct. 602,

wherein a Minnesota statute was also involved, a similar result obtained. Those cases, however, are distinguishable from this case in that the statute of Minnesota merely required *notice* to the stockholders of the assessment, while by the statute of Iowa the parties interested must be "brought into court" in the assessment proceeding. So, then, the question here is whether appellant was properly "brought into court" by *personal* service of the notice without the state of Iowa.

It is conceded by appellant that the assessment proceeding had in the Iowa court was in the nature of an *in rem* proceeding, its only purpose being to determine the necessity of an assessment and the amount thereof; and it is also a fact that there is now no judgment *in personam* against appellant, rendered by the Iowa court. Had a personal judgment been rendered against her, it, of course, would have been void.

The reasoning of the appellant is that, since the Iowa statute providing for service by publication did not specifically include proceedings to establish assessment liability, and since personal service without the state is merely an equivalent of service by publication, therefore the personal service made in Washington was ineffectual and did not bring the appellant into the Iowa court in the assessment proceeding. Under this reasoning, of course, the Iowa court could never get jurisdiction at all of nonresidents in proceedings to determine the necessity of assessment.

The respondent, on the other hand, contends that, since the Iowa statutes specifically authorize personal service, generally, outside the state and further provide that such service shall supersede the necessity for publication, the effect is to give to such personal service a scope broader than is obtainable under service by publication, which is limited to a designated

class of cases; that, while such personal service has the same effect as service by publication, in that it cannot be made the basis of a judgment *in personam,* its function and applicability have a wider range than is accorded to service by publication. The question is not easy of solution, and its difficulty is enhanced by the fact that we are not aided by any apt authority on the subject.

At the outset, attention may be called to the fact that, prior to the passage of § 9253 of the Iowa statute, it was not necessary to make the stockholders of insolvent corporations parties to the receivership or assessment proceedings at all. So far as the necessity for, and amount of, the assessment were concerned, stockholders were concluded by the adjudication against the corporation. *Elson v. Wright,* 134 Iowa 634, 112 N. W. 105; *Williams v. McCord,* 204 Iowa 851, 214 N. W. 702.

But that rule has been changed by the statute, and it is now necessary that all parties interested ''be brought into court.'' It must, however, be kept in mind that the assessment proceeding does not establish judgment against the stockholder. The decree in such proceeding merely forms an indispensable basis for a subsequent suit to recover a money judgment against the stockholder. In such suit, the stockholder may still raise any individual defense that he may have with reference to the payment of such assessment. The assessment proceeding, therefore, does not deprive the stockholder of his property without due process of law as guaranteed by the Federal constitution.

Now, it is a fair assumption that the Iowa legislature did not intend, by the passage of § 9253, to relieve nonresident stockholders of all liability whatever and at the same time to impose full liability upon

resident stockholders. The intent and purpose of the law relative to insolvent banks was to secure full and complete assessment, to the amount required and to the extent allowed. While the legislature could not pass a law, in such matters, that would impose a greater liability on nonresidents than upon residents, it cannot be supposed that it would intentionally pass a law that would impose a greater burden upon its own citizens or residents than upon nonresidents standing in exactly the same relation to the corporation.

When the legislature incorporated into the statute the requirement that "all parties interested shall be brought into court," it surely intended, not only that such provision should have virility, but also that it should be given practical effect. The legislature certainly did not intend to make requisite that which, by its own laws, would be impossible of performance. It was acting toward a purpose, not toward a futility.

It is apparent from a reading of the statute that the legislature did not specifically provide therein how the parties were to be brought into court. But the legislature was, of course, cognizant of the fact that a party could not be brought into court except through some form of legal process. It was also cognizant of its own laws with respect to process and the manner of service. The legislature must, therefore, have intended that the parties interested, namely, the stockholders subject to assessment, should be brought into court through some form of process then permissible in that state.

Manifestly, as to nonresidents, personal service could not be had *within* the state of Iowa. If we concede, also, for the sake of argument, and as the superior court of King county held in the first action, that service by publication was limited to those classes of cases specifically designated in § 11081, then that method would not be available in cases of this kind.

That would leave, as the only possible method, personal service upon the stockholder outside the state, as provided by §§ 11055, 11059, and 11086, considered together, but subject to the limitation that such service could not be made the basis of a judgment *in personam*. It is apparent from § 11059 (3) that personal service might generally be made beyond the borders of the state, because the statute refers to parties residing one thousand miles or more from the place of trial. The provisions of § 11059 were matters of common knowledge on the part of those engaged in the legal profession in Iowa and were undoubtedly within the knowledge of the legislature as well.

If the legislature had specifically provided in § 9253 that nonresidents should be "brought into court" by personal service outside the state, such provision clearly would have been adequate and valid. Our own case of *Chandler v. Miller,* 168 Wash. 563, 13 P. (2d) 22, would be controlling authority to that extent. In the absence of any specific method prescribed by § 9253, it must be held that its enforcement was intended to be had through any method available and permissible under existing statutes. Neither § 11059 nor § 11086 contains any limitation as to the nature or kind of case in which personal service without the state may be had. The only limitation upon such method of service is that it shall have the same effect as service by publication.

A case somewhat analogous in principle to this is the case of *Roznik v. Becker,* 68 Wash. 63, 122 Pac. 593. In that case, suit was brought to recover a money judgment. Personal property within the state was attached. Summons and complaint were served upon the defendant in New York. The defendant contended that the service was void because there had been no preliminary showing that the defendant was a non-

resident and could not be found within this state. Answering that contention, this court said:

"But such a showing, while a preliminary requisite to the service of a summons by publication, is not such a requisite where the service is personal on the defendant although without the state. The statute, it is true, provides that personal service without the state shall be equivalent to service by publication, but this does not mean that the preliminary requisite to making the one form of service is necessary to making the other. It means simply that the effect of a judgment rendered by default on the one form of service is the same as it is when rendered on the other. The service was not, therefore, ineffective because of the absence of a preliminary showing to the effect that the defendant could not be found in the state of Washington."

See, also, *Jennings v. Rockey Bar Gold Mining Co.*, 29 Wash. 726, 70 Pac. 136; *Hunter v. Wenatchee Land Co.*, 36 Wash. 541, 79 Pac. 40; *Miller v. Davison*, 31 Iowa 435.

We are satisfied that, under the Iowa statutes, personal service outside the state was sufficient to bring the appellant into the Iowa court for the limited purpose of establishing the necessity for, and amount of, the assessment as to her.

Appellant's second contention is that the action in this state was not commenced within the time prescribed by the statute of limitations. The answer to this contention depends upon the nature of a stockholder's liability for an assessment upon his stock as directed by the statute. While the remedy is controlled by the law of the forum, the nature of the right for which the remedy is sought is controlled by the laws of the state wherein the right accrues.

It is the settled law of Iowa that the double liability of stockholders under constitutional and stat-

utory provisions is contractual in its nature. *Elson v. Wright,* 134 Iowa 634, 112 N. W. 105; *Parsons v. Rinard Grain Co.,* 186 Iowa 1017, 173 N. W. 276; *Hirning v. Hamlin,* 200 Iowa 1322, 206 N. W. 617; *Baird v. Cole,* 207 Iowa 664, 223 N. W. 514; *Smith v. Andrew,* 209 Iowa 99, 227 N. W. 587.

The liability being a contractual one, the applicable statute of limitations is Rem. Rev. Stat., § 159 [P. C. § 8166], which prescribes a three-year limitation. This action was brought within that period.

The third contention of appellant is that the modified assessment made in Iowa, and upon which this action was brought, is void because, (a) the petition to vacate the original decree of assessment was not made within one year after its rendition, as prescribed by § 12793 of the Iowa code, and (b) all the parties to the original decree were not made party to the modification proceeding.

The answer to the first part of the contention is that, in the first trial before the King county court, the original decree in the Iowa court was held void as to the appellant for want of jurisdiction. Appellant sought, obtained, and is bound by, that judgment.

The original decree having been held to be void in this state, the Iowa court had the right to expunge it from its records and replace it with a valid decree. Such right exists in Iowa, independent of statute and without reference to statutory time. *Spencer v. Berns,* 114 Iowa 126, 86 N. W. 209; *Hollister v. Vermont Bldg. Co.,* 141 Iowa 160, 119 N. W. 626; *Williamson v. Williamson,* 179 Iowa 489, 161 N. W. 482.

The second part of the contention is without merit for reasons already given, and further because the stockholders in Iowa were not affected by the decree against appellant. Their liability depended upon

the amount of their own respective holdings, and not upon that of appellant.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.

*DuPuis & Ferguson,* for respondent.

[1]Reported in 60 P. (2d) 28.