F. L. WILLIAMS et al., Petitioners, v. R. L. McCORD, Judge, et al., Respondents.

**BANKS AND BANKING:**   Stockholders—Double Liability—Procedure.
The question whether an assessment on the stockholders of an insolvent banking institution is necessary, and, if necessary, the legal amount of such assessment on each stockholder, must be determined in *one* equitable action, instituted by the receiver in the forum of the receivership, against all the stockholders. No change of venue is allowable to a defendant who is not a resident of the county where suit is properly brought.

Headnote 1:   7 C. J. pp. 511, 512, 518.

Headnote 1:   3 R. C. L. 414.

*Certiorari to Sac District Court.*—R. L. McCORD, Judge.

JULY 1, 1927.

REHEARING DENIED NOVEMBER 15, 1927.

Proceeding in certiorari, to review an order by the district court of Sac County, denying a motion for a change of venue. —*Writ annulled.*

*William S. Hart* and *W. H. Burling,* for petitioners.

*Robert Elmer Long* and *Malcolm Currie,* for respondents.

FAVILLE, J.—The state superintendent of banking was duly appointed receiver of the Sac County State Bank, of Sac City, Iowa. As such receiver, he brought an action in equity in the district court of Sac County against a number of individuals whom he alleged to be stockholders in said bank. The petition alleged that said bank was insolvent; that the plaintiff in said action had been appointed receiver of said bank; that the assets of said bank were wholly insufficient to pay the claims against said bank; that a deficiency of approximately $350,000 would result; that the full amount of the statutory liability of the said stockholders as an assessment would be required, to meet the indebtedness of said bank; and that, when so realized upon, there would still remain a deficit in the amount required to meet the liabilities of said institution. The receiver prayed the court to enter an order levying an assessment against each of the stockholders of said bank in an amount equal to the par value of their stock. The petitioners herein were made parties defendant to said action, and appeared therein and filed motions for change of venue, supported by affidavits alleging their residence to be in another county of the state. The court denied said motions for change of venue, and this action in certiorari is for the sole purpose of reviewing said ruling.

The district court of Sac County, Iowa, had jurisdiction of the proceedings for the appointment of a receiver of the said bank and for the administration of the property of said bank. The receiver brought this action, alleging the condition of said bank and the necessity of an assessment's being made upon the several stockholders of said bank, as provided by statute. The action of the receiver involved the determination of the question of the assets and liabilities of the bank, the personnel of the

stockholders and the amount of stock held by them, and the necessity of levying an assessment against said stockholders on their statutory liability and the amount of said assessments. All of the stockholders of said bank were made parties defendant to said action. In such a case, are the nonresident stockholders entitled to a change of venue to the place of their residence? Our statutes (Sections 9251, 9252, and 9253, Code of 1924) provide:

"9251. All stockholders of savings and state banks shall be individually liable to the creditors of such corporation of which they are stockholders over and above the amount of stock by them held therein and any amount paid thereon, to an amount equal to their respective shares, for all its liabilities accruing while they remained such stockholders.

"9252. Should any such association or corporation become insolvent, its stockholders may be severally compelled to pay such deficiency in proportion to the amount of stock owned by each, not to exceed the extent of the additional liability hereby created.

"9253. The assignee or receiver of any such corporation, or in case there is none, or of his failure or refusal to act, any creditor thereof, may maintain an action in equity to determine the liability of the stockholders, and the amount to which each creditor shall be entitled; and all parties interested shall be brought into court."

These three sections are identical with Section 1882 of the Code of 1897. That section was merely divided into three sections in the Code of 1924. They are in the chapter relating to banks and trust companies. Section 9253 provides in express terms that the receiver of a bank "may maintain an action in equity to determine the liability of the stockholders," and provides that "all parties interested shall be brought into court." Does this statute mean that one action in equity may be brought by the receiver against all the stockholders in the court having jurisdiction of the receivership proceedings and the administration of the insolvent estate, or does it mean that the receiver must bring separate actions against each of the several stockholders of the corporation in the several jurisdictions in which said stockholders reside? Where there are no statutory provisions in regard to the matter, it is the general rule that the

receiver of a corporation may bring an action in the court having jurisdiction of the appointment of the receiver and the administration of the estate, for the purpose of determining the amount of the liability of the stockholders of such corporation and assessing their liability. It is obvious that the basis of the assessment for the statutory liability against a stockholder in a bank must be an ascertainment of the liabilities and assets of the bank and the necessity for an assessment. Outside of statute, it is the general rule that the amount of the liability of a stockholder may be ascertained by the court having jurisdiction of the appointment of the receiver, without the necessity of making the stockholder a party to such proceeding.

These general rules were recognized by us in *State v. Union Stock Yards State Bank*, 103 Iowa 549. Said case, however, was decided prior to a change in the statute. In *Elson v. Wright*, 134 Iowa 634, we said:

" * * * in the very nature of things, the enforcement of the stockholders' liability must be predicated upon the ascertainment of the debts of the corporation and the proportionate amount to be levied on each stockholder to satisfy such indebtedness; and it is not necessary that the stockholder be individually a party to the receivership proceedings in which the indebtedness of the corporation is determined and the amount of assessment to be collected is fixed."

We also said:

" * * * the stockholders' double liability to creditors is to be worked out through a receivership proceeding in analogy to the proceedings to enforce assessments for unpaid stock, then the determination in the receivership proceedings that the corporation is insolvent, and that the stockholders must pay a specified percentage on their stock in order to satisfy the debts of the bank is conclusive; for it is well settled that in enforcing the payment of stock subscriptions the receiver may proceed against the stockholder for the amount of the assessment, although such stockholder was not a party, except as represented by the corporation, to the proceedings in which the assessment was made."

In the *Elson* case, we considered the change made in the statute by the addition to what is now Section 9253, of the

words "all parties interested shall be brought into court," and said:

" * * * we cannot escape the conclusion that the definite intention of the legislature, in adding this sentence to the specific provisions as to how the double liability of stockholders in banks is to be enforced, intended that the stockholders on whom the assessment should be binding were to be brought into court before the assessment was made. Without this specific provision, the assessment would undoubtedly be binding upon the stockholders so far as it determined the proportionate liability of each, subject, of course, to any individual defense that any stockholder might have with reference to the payment of any assessment. But under this specific language we hold that to make the assessment binding upon him in this respect he must have been brought into the litigation before the assessment."

The evident purpose and intention of the legislature were to modify the general rule, and to provide for the bringing of an action in equity by the receiver, in which action all interested parties shall be brought into court. Two questions suggest themselves at this point: (1) In what forum is the receiver to bring this action in equity; and (2) if all necessary parties are brought into court in said proceeding, are nonresident parties entitled to a change of venue?

Clearly, we think, the forum for the bringing of such an action for statutory liability must be that in which the corporation was located, and in which the proceedings for the appointment of a receiver were had. The statute, Section 9239, Code of 1924, provides that the action for the appointment of the receiver of an insolvent bank shall be in "the district court for that district in which said bank is located." The statute provides for the bringing of "an action in equity,"—not a series of actions. The forum of the receivership is the proper forum for the action against the stockholders for statutory liability.

The statute now provides that in such an action all parties interested shall be brought into court. Prior to this statute, it was the theory that the several stockholders were represented by the corporation, and that their liability for assessment could be determined in the receivership proceedings without the necessity of their being made parties. The statute has now changed the rule, and the action is now to be brought by the

receiver in the forum having jurisdiction of the receivership proceedings; it is to be in equity, and all parties interested are to be brought into said proceedings. This is precisely what was done in the instant case. In the *Elson* case we held that, under the statute, it was now necessary, in order to fix the amount of assessment against the stockholders in a bank, that an action be brought, and that the interested parties be brought into court in said proceeding. We are now called upon to determine, when it appears in such proceeding that a stockholder is not a resident of the county in which said proceeding is pending, whether or not he is entitled to a change of place of trial of said proceeding to the county of his residence. The statute must be construed in connection with the history of the previously existing law. Were it not for such a statute, the court having jurisdiction of the receivership proceedings might determine the necessity for an assessment against the stockholders and the amount thereof without making the stockholders parties to such proceedings. The clear purpose and intent of the legislature were to provide that the receiver could bring an action in equity in the forum having jurisdiction of the receivership proceeding, and that the individual stockholders should all be made parties to said action. The situs of the corporation is in the forum where the receivership proceedings are instituted. The corporation itself could be sued there. The proceedings for the appointment of the receiver of such corporation, by virtue of the statute, must be brought there. The proceedings for assessment must likewise be brought there. Any other rule would lead to endless confusion. Numerous courts could not be engaged in determining the question of the necessity for an assessment against the stockholders, or the amount thereof. The statute contemplates but one action of this character, which is to be in the forum where the receivership is. The question of whether or not a personal judgment could be entered in the proceeding brought by the receiver is not involved in this appeal. The necessity for an assessment and the amount of assessment can be determined in this suit.

The court did not err in overruling petitioner's application for a change of venue, and the writ of certiorari is annulled,

and the order of the district court is affirmed.—*Writ annulled; order affirmed.*

EVANS, C. J., and STEVENS, DE GRAFF, VERMILION, ALBERT, and KINDIG, JJ., concur.