## GEORGE KRUCHEK v. JOSEPH F. KRUCHEK.[1]

February 3, 1928.

No. 26,452.

**Evidence showed note sued on was executed without consideration and through mistake.**

Finding of trial court that a note was executed without consideration and through mistake *held* sustained by the evidence.

Partnership, 30 Cyc. p. 457 n: 96.

Plaintiff appealed from an order of the district court for Le Sueur county, Tifft, J. denying his motion for a new trial. Affirmed.

*L. W. Prendergast,* for appellant.

*A. J. Phil Jelinek,* for respondent.

DIBELL, J.

Action to recover upon a promissory note of $4,782.74 made by the defendant to the plaintiff. There were findings that the note was without consideration and given by mistake. The plaintiff appeals from the order denying his motion for a new trial.

The parties are brothers. The defendant, Joseph F. Kruchek, was interested in a garage at Montgomery. The plaintiff's mother was desirous that both her sons become associated, and she paid to Joseph or sent him money amounting to substantially $5,000, which in some indefinite way was intended to put George in the business. This was in 1917. George was called to the war at this time. He claims that when he was about to go he made an agreement with his brother, Joseph, that if he, George, did not return, nothing should be done about his interest in the garage, but that if he returned there should be an accounting. Shortly afterward Joseph was called to the war. The business was then turned over to one Washa, the father-in-law of Joseph, who was to keep it going.

The business was not prosperous. Likely there was nothing for which to account when the boys returned from the war in 1919.

[1]Reported in 217 N. W. 595.

They went over the books. As a result Joseph gave George the note in suit. The court finds that there was no consideration for it and that it was executed through mistake. His view is that there was really nothing in the business to be divided, nothing which Joseph should pay and George get, and that in fact there was not an accounting. In his memorandum the trial judge says:

"The so-called 'accounting' had at the time the note was given was not an accounting of the partnership business with a view of determining what George's share of the profits was; but, on the other hand, it was an attempt to determine the amount of money George claimed that he (but which, as a matter of fact, his mother) had put into the business. It is a case of 'pay me back what I put into the business and I will step out,' or, rather, 'I am out, pay me back what I put in.'

"There is a notion quite prevalent among people not well informed as to the rights and liabilities of partners, that the partner wishing to quit the firm can rightfully demand of the other partner that he reimburse him for the moneys he put into the business, regardless of what the actual profits and losses of the firm's business may be.

"Whatever money was advanced to Joseph was treated as George's share in the business and with Joseph's money was lost in the business.

"Whatever view may be taken of the situation, George had nothing coming from Joseph at the time the note was given. There was no consideration for the note."

This disposes of the case as one of fact, and we hold with the trial court.

Order affirmed.