## HERMAN ZANDER v. AUGUST AFFELDT AND OTHERS.[1]

February 3, 1928.

No. 26,480.

**In enforcing liability of stockholders a receiver must sue each stockholder separately.**

A receiver prosecuting an action, under G. S. 1923, § 8028, to collect assessments based on stockholders' liability, must sue each stockholder separately.

Corporations, 14 C. J. p. 1107 n. 40.

Action in the district court for Douglas county by the receiver of the Four County Farmers Mill Co-operative Association to collect assessments levied on stockholders' double liability. From an order, Roeser, J. overruling their demurrers to the complaint on the ground that several causes of action were improperly united, certain of the defendant stockholders appealed. Reversed.

*Constant Larson* and *Gunderson, Leach & Swore,* for appellants.
*Grimes & Maxwell,* for respondent.

WILSON, C. J.

Appeal from an order overruling demurrers to a complaint on the ground that it appeared on the face thereof that several causes of action were improperly united. The court certified the questions involved as important and doubtful.

The action is brought by the receiver of the Four County Farmers Mill Co-operative Association to recover the amount of an assessment levied against the stockholders under the provisions of G. S. 1923, §§ 8025-8028. There are 104 stockholders joined as defendants.

The assessment has been ordered under G. S. 1923, § 8027. In an action of this character the defendants may interpose certain individual or personal defenses. McCabe Bros. Co. v. Farmers Grain & Supply Co. 172 Minn. 33, 214 N. W. 764; Farwell, Ozmun,

[1]Reported in 217 N. W. 595.

Kirk & Co. v. Goodhue Co. Co-op. Co. 160 Minn. 64, 199 N. W. 436. A stockholder's liability is several, not joint. His liability is contractual. The procedure for collecting the statutory liability is fixed by the statute. In Hanson v. Davison, 73 Minn. 454, 76 N. W. 254, this court said [p. 459]: "Although the liability is several, the stockholders may, and upon equitable considerations ought to, be joined in one action to enforce their several liability."

The procedure has since been changed. Goldman v. Christy, 155 Minn. 91, 192 N. W. 360. We must now look to the existing statute for our guidance. G. S. 1923, § 8027, provides that the order shall direct the receiver, when a stockholder fails to pay, "to prosecute an action against him." It is provided by § 8028 that the "receiver shall commence action against every party so assessed and failing to pay, wherever he or any property subject to process in such action is found," etc. Whenever an assessment for less than 100 per cent is made and a subsequent assessment is made, the receiver may recover therefor in a single action. G. S. 1923, § 8029. But this clause is followed by: "receiver may recover therefor in a single action, or, * * * may maintain a separate action against each stockholder for each successive assessment." This shows clearly that § 8029 did not mean more than to say that in the single action the receiver could recover all the assessments due from the same stockholder.

Plaintiff has a common claim against each defendant except as to amount. Defendants, in the absence of specific personal defenses, have a common liability. The defendants may have such defenses as would entitle them to a jury trial. They also have certain definite rights under the general provisions of the statute as to the place of trial. The legislature has not, in our opinion, indicated any intention to change these rights. Nor do we find any language in the statute that authorizes the plaintiff to sue a stockholder to collect the assessment other than in a separate action. In the absence of statutory authority this cannot be done. Each contract involved is a separate obligation and must be separately enforced. The claim of avoiding a multiplicity of suits is without application. It would avoid none; it would merely require them to

be tried in a bunch. There is not present a common question to be determined between plaintiff and all the defendants which must exist in the absence of a statutory provision, as a basis for joining all the stockholders as defendants. A defendant should have a fair and unprejudiced trial without confusion from issues made by other defendants. To the extent that defendants in such actions have a common defense, the parties may consent to a consolidation. Doubtless this was the meaning of the language used in Farwell, Ozmun, Kirk & Co. v. Goodhue Co. Co-op. Co. 160 Minn. 64, 199 N. W. 436. This action is not a part of the sequestration proceedings even though the money recovered herein may be controlled therein.

We reach the conclusion that the demurrers should have been sustained.

Reversed.