L. A. ANDREW, State Superintendent of Banking, Appellee, v. COMMERCIAL STATE BANK et al., Appellees; MILTON REMLEY, Appellant.

November 13, 1928.

*Milton Remley*, for appellant.

*Dutcher, Walker & Ries*, for appellee.

DE GRAFF, J.—The propositions relied upon by appellant will be stated in interrogative form, and answered.

1. Did the defendant have his day in court? In the first instance, on April 24, 1925, the plaintiff-receiver commenced an action in equity, naming 22 persons as defendants. These persons were stockholders of the Commercial State Bank of Iowa City. The bank was then insolvent, and adjudged to be insolvent in a decree entered of record on the 18th day of February, 1925, by the district court. Subsequently, to wit, September 10, 1925, an amendment to the petition was filed, making Milton Remley (appellant herein) a party defendant, and alleging his ownership of stock in said bank. The defendant-appellant filed a motion to dismiss the action. This motion was overruled, and

defendant was given 10 days to plead. A motion was then made to transfer the action to the law docket. This motion was overruled, and the defendant was given 10 days to further plead. On January 24, 1927, default was entered against the appellant Remley for want of pleading, and on June 12, 1927, judgment and decree was entered in this cause, determining that an assessment against the stockholders should be made, and fixing the assessment as against each stockholder in an amount equal to the par value of the total number of shares of capital stock held by each stockholder, in conformity to statutory provision and the prayer of plaintiff's petition. This resulted in a judgment against the appellant Remley for $1,500, with interest from date of judgment. Fourteen days after the judgment entry, the appellant filed his motion in arrest of judgment, which was overruled. This is the provocation for the instant appeal.

It is quite apparent from this brief recital that the defendant Remley was in court.

2. Did the court err in holding that this appellant could be joined as defendant with other stockholders in a suit in equity? The statute, Sections 9252 and 9253, Code of 1924, is  a sufficient answer to this question. Furthermore, the interpretation of the statutory provisions as made in *Williams v. McCord*, 204 Iowa 851, is controlling. We will not quote the statute in this particular. It is obvious that the general assembly of Iowa, in the enactment of Section 9251 *et seq.*, recognized that in many jurisdictions a concurrent remedy in law and in equity existed, and, to put the question at rest in this jurisdiction, it was provided that one action could be commenced by the receiver *in equity* against all stockholders, to enforce the double liability created and imposed by statute for and on behalf of the creditors of an insolvent bank. See, also, 3 Ruling Case Law 412, Section 40; 1 Cook on Corporations (6th Ed.), Section 218.

Counsel for appellant in his brief presents decisions from other jurisdictions, and cites, *inter alia, Zander v. Affeldt*, 173 Minn. 496 (217 N. W. 595). It is sufficient to state that a reading of that case discloses a different statutory provision from the one under consideration in the case at bar. The principle

of remedial procedure therein declared is not in harmony with the statute of Iowa.

3. Did the court err in rendering a personal judgment against the appellant, who contends that, where a statute gives a right, and provides means of enforcing it, that means is exclusive? The legislative intent is plain. The action contemplated by the statute involves the determination of the question of the assets and the liabilities of the bank, the personnel of the stockholders, the amount of stock held by them, the necessity of levying an assessment against the stockholders on their statutory liability, and the amount of said assessment. *Williams v. McCord*, supra. These things in this action the instant receiver sought to do, and by a decree of court, in conformity to the prayer of the plaintiff, these things were done.

There is an apparent confusion in argument on behalf of the appellant, due to the failure to distinguish between the meaning and function of the statutory provisions contained in Section 9251 and Section 9246. The instant action was commenced in equity, as contemplated by Section 9251. It was not commenced and prosecuted on behalf of the bank, nor was its purpose to restore an impairment of its capital, under Section 9246. The receiver instituted the action to enforce the double liability created and imposed by Section 9251 for and on behalf of the creditors of the bank. This matter finds discussion and clarification in *Andrew v. Farmers Tr. & Sav. Bank of Charles City*, 204 Iowa 243, and in *Leach v. Arthur Sav. Bank*, 203 Iowa 1052. We deem further comment unnecessary.

4. Did the court err in holding that an action could be maintained against the appellant before the assets of the bank were applied to the payment of debts? The application of the assets is not a condition precedent to the enforcement of the stockholders' double liability, as created by statute. *State v. Union Stock Yards State Bank*, 103 Iowa 549. See, also, *Andrew v. Farmers Tr. & Sav. Bank*, supra. Appellant cites *Bodie v. Pollock*, 110 Neb. 844 (195 N. W. 457, 459), and *State ex rel. Davis v. Farmers State Bank*, 113 Neb. 497 (203 N. W. 629). These cases cannot be viewed as helpful in determining the point in issue. This is made appar-

ent by a reading of the decision in *State ex rel. Davis v. Farmers State Bank*, supra.

5. Did the court err in holding that an assessment could be made against appellant without showing that the losses accrued while he remained a stockholder, and without considering the rights of appellant at the time he became a stockholder? The capital stock of the bank in question was $150,000, and the shares of stock were each in the par value of $100. The appellant was the owner of 15 shares at the time the bank closed its doors. As pointed out, the procedure for collecting the statutory liability, as defined by Section 9251, is fixed by the statute. It is provided that all stockholders of savings and state banks shall be individually liable to the creditors of such corporation over and above the amount of stock held by them therein and any amount paid thereon, to an amount equal to their respective shares, "for all its liabilities accruing while they remained such stockholders," and that, when any such corporation becomes insolvent, its stockholders "may be severally compelled to pay such deficiency in proportion to the amount of stock owned by each, not to exceed the extent of the additional liability hereby created." Sections 9251, 9252. The word "accruing," found in the statute governing double liability, must be construed to mean any liability within the purview of the statute, existing while a stockholder remained a stockholder. Clearly, any creditor of the bank had a right to look to all of the stockholders who were such at the time the debt existed and the bank became insolvent. The right to an assessment did not accrue until the bank became insolvent. The petition filed in this case contained all the material allegations necessary to sustain the judgment entered. It is alleged, *inter alia*, that the tangible assets in the hands of the receiver subject to his disposition in the settlement of the liabilities of the bank are inadequate by an amount very largely in excess of $150,000, and that, as shown by the books of said bank, the claims of depositors, exclusive of bills payable, will approximate the sum of $1,460,000, and that the deficit of assets, property, and all resources of said bank is largely in excess of the assessment prayed for in the petition. There was no motion for more specific statement. Furthermore, this issue was raised in the motion of appellant in arrest

of judgment, and it must be held that said motion was not timely filed. Sections 11551 and 11556, Code of 1924.

We discover no ground for interfering with the ruling of the court in overruling appellant's motion to dismiss this action, or in denying appellant's motion in arrest of judgment.— *Affirmed.*

STEVENS, C. J., and ALBERT, MORLING, and WAGNER, JJ., concur.