L. W. Broulik, Petitioner, v. O. J. Henderson, Judge, et al.,
Respondents.

No. 42141.

April 3, 1934.

Rehearing Denied September 18, 1934.

Grimm, Elliott, Shuttleworth & Ingersoll, and Peisen & Soper,
for petitioner.

Bryson & Bryson, and E. F. Wisdom, for respondents.

Claussen, C. J.—The State Bank of Alden, with its principal place of business at Alden, in Hardin county, became insolvent. The superintendent of banking of the state of Iowa was appointed its receiver. In due time he brought an action in equity against the stockholders of the bank, as shown by its records, to collect the statutory assessment on the shares of stock. The petitioner's name

appeared upon the stock books of the bank. He was named as a party defendant. He is a resident of Linn county. He moved that the place of trial be changed as to him to Linn county and that he be granted a separate trial at law. The trial court denied the motion, and this proceeding is brought to review such ruling.

I. Petitioner contends that he is entitled to have the cause of action tried, as to him, in the county of his residence, under the statutes of the state. The Constitution of the state contains no provision entitling petitioner to have the action tried in the county of his residence. The general provisions in relation to the place of bringing actions are found in chapter 488 of the Code. The only section of this chapter germane to the matter under consideration is section 11049, which provides that personal actions must be brought, *except as otherwise provided,* in the county in which some of the defendants actually reside. The action is undoubtedly a personal action, and, unless another provision is found in the law, the petitioner would be entitled to have the case transferred to Linn county. We think there is such other provision in the law. Code, section 9253, provides:

"The assignee or receiver of any such corporation (a bank), or in case there is none, or of his failure or refusal to act, any creditor thereof, may maintain an action in equity to determine the liability of the stockholders, and the amount to which each creditor shall be entitled; and all parties interested shall be brought into court."

The action was brought in the county where the bank was located. We have held that the forum of the receivership is a proper forum for an action to enforce statutory liability against stockholders of a bank. Williams v. McCord, 204 Iowa 851; 214 N. W. 702. There is no showing that some of the stockholders of the bank were not residents of that county. There is no objection to the jurisdiction of the court to entertain the action as a whole. The statute above quoted provides that all parties interested shall be brought into court. Petitioner was interested in the matter, in that it was alleged that he was a stockholder of the bank. He was brought into the Hardin district court pursuant to this provision of law. Code, section 11053, provides that, if an action is brought in a wrong county, it may be prosecuted to termination unless the defendant demands a change of place of trial to the proper county. It is under this section that petitioner seeks a change of venue. By its very terms

the section can have no application. It applies only when an action has been brought in a wrong county. Whether petitioner was sued in the wrong county depends upon the statute. Petitioner found himself in the lower court in the action to collect the stock assessment pursuant to the direction of the statute that he be brought into said action. He was not sued in the wrong county. See Williams v. McCord, 204 Iowa 851, 214 N. W. 702; Andrew v. Commercial State Bank, 206 Iowa 1070, 221 N. W. 809.

Petitioner urges that the action brought against him is personal and transitory. So far as the present case is concerned, its character in such respect is immaterial. Whatever its character may be, it was competent for the legislature to permit the petitioner to be sued in the Hardin district court. The question is whether the legislature has done this. We hold that it has.

II. The action was brought in equity as directed by Code, section 9253. Petitioner contends that the action is properly a law action and that he is entitled to have the issues tried to a jury under article I, section 9, of the Constitution of Iowa. It has been held by this court that a stockholder in a bank is not entitled to have a suit brought against him, to collect the stock assessment, transferred from the equity to the law docket. Andrew v. Commercial State Bank, 206 Iowa 1070, 221 N. W. 809. But the objection now urged that a failure to transfer the cause from equity to law is a denial of the right guaranteed by the Constitution was not discussed in that case. It is recognized that the constitutional guaranty of the right to trial by jury does not apply to actions properly triable in equity. Littleton v. Fritz, 65 Iowa 488, 22 N. W. 641, 54 Am. Rep. 19; Martin v. Blattner, 68 Iowa 286, 25 N. W. 131, 27 N. W. 244; Hall v. Henninger, 145 Iowa 230, 121 N. W. 6, 139 Am. St. Rep. 412; Eikenberry v. Edwards, 67 Iowa 619, 25 N. W. 832, 56 Am. Rep. 360. The question then is whether the action is properly cognizable in equity. The petitioner relies on Hanan v. Messenger, 168 Iowa 507, 150 N. W. 673, and Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261. The precise question before us was not involved in either of said cases, and the cases are readily distinguishable in their facts. In such cases the actions were commenced in equity. There were no statutory provisions permitting the actions to be brought in equity. It was held by this court that the cases must be transferred to the law calendar for the disposition of the law issues. In the case at bar, the statute provides that the receiver

may maintain an action in equity to determine the liability of the stockholders. Unless a suit to determine the liability of a stockholder to an assessment is inherently an action at law, the statute is a sufficient warrant for the commencement of this action in equity and for its prosecution to final judgment in a court of equity. Involved in the determination of the necessity for an assessment and the amount thereof is a complete examination of the affairs of the insolvent bank. These questions can only be answered after the value of the assets of the bank has been determined and the amount of its liability ascertained. The determination of such questions is quite generally regarded as the proper task of a court of equity, on account of the superiority of its procedure in such matters. 21 C. J. 132. We have held, as noted above, that an action of this kind is properly brought in equity. Andrew v. Commercial State Bank, 206 Iowa 1070, 221 N. W. 809. In view of the fact that the character of the task of determining the necessity and amount of an assessment makes it a proper subject of action in equity, it was competent for the legislature to provide for the complete disposition of the litigation in equity. Twogood v. Allee, 125 Iowa 59, 99 N. W. 288; Clough v. Seay, 49 Iowa 111. The legislature has done this. In so doing it has not transgressed the provision of the Constitution of the state to the effect that the right to trial by jury shall be inviolate.

It is urged by respondents that under authority of Kosman v. Thompson, 204 Iowa 1254, 215 N. W. 261, the Hardin district court had jurisdiction to determine in equity the necessity of an assessment and the amount thereof, as well as the identity of the stockholders, and that in this situation the writ must be annulled, even though the petitioner may later be entitled to have law issues transferred to the law docket, and the case transferred as to such issues to Linn county. We have reached the conclusion, however, that the Hardin district court is the proper forum for the maintenance of the action in equity for the enforcement of the statutory liability, if any, of the petitioner on shares of stock of the insolvent bank owned by him, and that said court has jurisdiction in such action to render judgment against the petitioner for such an amount as the facts disclosed upon the trial of the case may warrant. The writ must be annulled.—Writ annulled.

All Justices concur.