MERCHANTS NATIONAL BANK of Cedar Rapids, Petitioner, v O. J. HENDERSON, Judge, et al., Respondents.

No. 42140.

APRIL 3, 1934.

REHEARING DENIED SEPTEMBER 18, 1934.

. Grimm, Elliott, Shuttleworth & Ingersoll, and Peisen & Soper, for petitioner.

Bryson & Bryson, and E. F. Wisdom, for respondents.

CLAUSSEN, C. J.—All questions decided by this court in Broulik v. Henderson, 218 Iowa 640, 254 N. W. 63, are involved in this case. Such questions are controlled by the opinion in that case. This matter presents but one other question.

Petitioner is a national bank, having its place of business in Linn county. This action was brought in the Hardin district court to enforce an assessment on shares of stock alleged to be owned by petitioner in the State Bank of Alden, an insolvent bank, having its place of business in Alden, Hardin county, Iowa. Petitioner claims that under the laws of the United States it can only be sued in Linn county. It asked that the case be transferred to the Linn district court and that the case be transferred from the equity to the law calendar.

It is only necessary to consider one ground of petitioner's claim that the place of trial should have been transferred to Linn county because all other grounds have been disposed of in Broulik v. Henderson et al. above referred to. Such ground is based upon the following provision of the statutes of the United States (12 USCA section 94). that:

"Suits, actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The particular contention is that, since petitioner had its place of business in Linn county, an action against it could be maintained only in the Linn district court. The Supreme Court of the United States has held that the above-quoted provision of the laws of the United States relates only to transitory actions and has no applica-

tion to actions which are by law local in character. Casey, Receiver, v. John I. Adams et al., 102 U. S. 66, 26 L. Ed. 52. If under the laws of the state of Iowa the action to enforce the stockholder's liability is local in character, then the Hardin district court is the court in which the action for the enforcement of the statutory liability against the petitioner national bank should be brought, notwithstanding the above-quoted provision of the federal law.

Code, section 9253, provides that the receiver of the insolvent bank may maintain an action in equity to determine the liability of the stockholders and the amount to which each creditor shall be entitled and that all parties interested shall be brought into court. In Williams v. McCord, 204 Iowa 851, 214 N. W. 702, it was held that:

"The forum for the bringing of such an action for statutory liability must be that in which the corporation was located, and in which the proceedings for the appointment of a receiver were had."

Reading from page 856 of the report, we find that the court said:

"The clear purpose and intent of the legislature were to provide that the receiver could bring an action in equity in the forum having jurisdiction of the receivership proceeding and that the individual stockholders should all be made parties to said action. The situs of the corporation is in the forum where the receivership proceedings are instituted. The corporation itself could be sued there. The proceedings for the appointment of the receiver of such corporation, by virtue of the statute, must be brought there."

If receivership proceedings against an insolvent bank must be brought in the county in which the bank is situated and proceedings for the enforcement of the statutory liability of stockholders must be instituted in the county in which the receivership proceedings are pending, there is but one court in which proceedings can be instituted against stockholders of insolvent banks who are resident within the state. Under the provisions of the statute as construed by this court, such action is local in character.

It is recognized by the courts of many states, including this court, that statutes imposing liabilities of the kind under consideration upon stockholders of banks create a personal liability on the part of the stockholder which will be recognized and enforced by

the courts of other states. Such holdings, in effect, recognize that as to such nonresidents of the state the action is personal and transitory in character. Baird v. Cole, 207 Iowa 664, 223 N. W. 514. But this is not inconsistent with the requirement of the statute, or the holding of this court, that all stockholders of a bank who are resident within the state must be brought into the action in equity in the court of the domicile of the bank, for the enforcement of statutory liability against them.

Applying the rule announced by the Supreme Court of the United States in the case of Casey v. Adams, above referred to, the conclusion cannot be avoided that the Hardin district court had jurisdiction to proceed with the determination of the cause and was not bound to transfer it to Linn county for final disposition.

We reach the conclusion that the Hardin district court may proceed in equity to determine whether petitioner and its codefendants were the owners of stock in the insolvent bank, the necessity for an assessment being made against such stockholders and the amount thereof, and to render judgment against each of the said stockholders for the required amount of the assessment. Andrew v. Commercial State Bank, 206 Iowa 1070, 221 N. W. 809. It follows that the writ must be annulled.—Writ annulled.

All Justices concur.