D. W. BATES, Superintendent of Banking, Receiver, Appellant, v. FARMERS SAVINGS BANK et al., Defendants, HENRY D. MEYER et al., Defendants, Appellees.

No. 44330.

JUNE 21, 1938.

France & France, for appellant.

Donnelly, Lynch, Anderson & Lynch, for appellees.

RICHARDS, J.—Plaintiff-appellant, as receiver of Farmers Savings Bank of Bennett, Iowa, brought this action against the bank's stockholders. The petition alleged, inter alia, that the bank was insolvent, and prayed that the court determine the question of its assets and liabilities, and the necessity of levying an assessment against defendant stockholders on account of their statutory liability under sections 9251 and 9252, Code 1935; that the court determine the amount of such assessment, and that judgment and decree be entered levying an assessment and entering judgment therefor against each defendant upon the shares of stock held by him in an amount equal to 100% of the amount of such shares. Appellees herein, each of whom was a stockholder, appeared and pled to plaintiff's petition. In their answer appellees denied the allegations of the petition, except that plaintiff is receiver and appellees stockholders of the bank, and further alleged that the bank owed no deposit liability, and that its only indebtedness was a balance owing upon a promissory note in the original amount of $35,000; that a large amount of assets pledged to secure the note remains in the hands of the receiver, and that these pledged assets are more than sufficient to pay said indebtedness; that in fact there is no indebtedness against the bank as to which an assessment liability exists on the part of the bank's stockholders.

234

Upon the trial of the cause upon its merits the district court found and decreed that the bank's assets that still remained in the hands of the receiver were of such amount and value that the balance of the bank's indebtedness remaining unpaid from such assets will not exceed an amount equal to 50% of the par value of the capital stock of the bank, and that the shareholders were not liable for an assessment in excess of such 50%. It was decreed that appellant have and recover from each appellee an amount equal to 50% of the amount of stock held by him, such recovery to be in full of all liability for assessment of appellees upon such stock. Therefrom plaintiff has appealed.

■ The first proposition on which appellant relies for reversal is that "the court erred in its finding on the facts that the indebtedness of the bank, after allowing all proper credits, would not exceed 50% of the par value of the capital stock of the said bank." Appellant states that this is a question of fact only, and concedes that the bank owed no debts aside from the $35,000 note, and that, after applying admittedly proper credits and the sum of $1,726.45 cash remaining in the hands of the receiver after payment of certain expenses, the balance owing on the note at the time of the trial, including accrued interest, was $30,658.96. As accurately as we can determine from the record, appellant was holding at the time of the trial securities pledged to the payment of this note in the amount of approximately $25,400 face value, exclusive of accrued interest. It would seem that no useful purpose would be attained by detailing in this opinion the rather voluminous and involved testimony respecting the values of the different items that make up these securities. Upon the record before us we have reached the same conclusion as did the trial court, that the balance of indebtedness remaining unpaid, after applying the assets in the receiver's hands, will not exceed an amount equal to 50% of the $35,000 par value of the capital stock of this bank.

■ Appellant sets out his second proposition as follows:

"The stockholders of a savings bank are liable to its creditors for an assessment to an amount equal to the par value of their stock and may be severally compelled to pay such deficiency in proportion to the amount of stock owned by each, up to the extent of their additional liability, and the court erred in not holding appellees liable for an assessment of 100%."

As we understand appellant's argument upon this second proposition, the contention is that the liability of a stockholder is primarily for 100% of the par value of his stock, subject to such an interest in the fund when created as will entitle him to his proportion of any balance unexpended upon settlement, and that the assessment should always be in an amount equal to 100% of the amount of the stock. Applying this theory appellant contends that in the case at bar there was for the court but one lawful course to follow, i. e., to assess the stockholders in an amount equal to 100% of the stock held by them.

Appellant does not point out by what language sections 9251 and 9252, Code 1935, express or indicate a legislative intent that the assessment against the stockholder must necessarily be in an amount equal to 100% of the amount of his stock. What appellant does rely upon in large measure to sustain his proposition is an expression found in the opinion in State v. Union Stock Yards State Bank, 103 Iowa 549, 70 N. W. 752, 72 N. W. 1076. That is, as pointed out by appellant, in discussing stockholders' liability, the court in that opinion used these words [page 555 of 103 Iowa, page 754 of 70 N. W.]:

"With the facts established to fix a liability to the fund, we think it is, primarily, for the full amount contemplated by the act, subject to such an interest in the fund, when created, as will entitle him to his proportion of any balance unexpended upon final settlement."

But it is quite apparent that in using this language the court did not intend to infer, as is claimed by appellant, that the assessment must in all cases amount to 100% of the bank stock. For in the same opinion appears this, " * * * and we are not saying that more should be collected or demanded than the conditions seem to justify." And referring to certain situations the opinion further states, "We think, in such cases, the time for collection, and amount to be collected, can best be left to the sound discretion of the court; * * *." The opinion also contains the following, "We have no doubt that the deficiency measures the extent of the liability of stockholders under the act."

Appellant also cites authorities from other jurisdictions with respect to stockholders' liability, but these cases construe

statutes differing in content from those enacted by our legislature. Nor need we look beyond our own cases because this court has definitely said that the action against stockholders contemplated by our statutes involves the determination of the amount of the assessment. Andrew v. Commercial State Bank, 206 Iowa 1070, 221 N. W. 809; Williams v. McCord, 204 Iowa 851, 214 N. W. 702.

In the argument in support of appellant's second proposition it is urged that the solvent stockholders of a bank are liable for a full 100% assessment, if the indebtedness equals or exceeds the amount that can be collected from the solvent stockholders. With respect to such contention, the provisions found in section 9252 are so plain and direct in defining the extent of the stockholders' liability that there is no room for construction of the language the legislature used. Section 9252 says that upon insolvency of a bank "its stockholders may be *severally* compelled to pay such deficiency *in proportion to the amount of stock* owned by each * * *." [Italics supplied.] The liability of each stockholder is several. The extent (not to exceed 100% of his stock) to which he may be compelled to pay the deficiency is such amount as is in the same proportion to the deficiency as the stock he holds is proportionate to the stock of the bank. This deficiency to be paid is a definite thing. It is the gap between the bank's liabilities and its assets. Possible insolvency of stockholders is something apart therefrom. The legislature has not taken it into consideration. To compel a larger contribution than a proper proportion of the deficiency would impose a burden we are unable to find intended or indicated within either of these sections. In Elson v. Wright, 134 Iowa 634, at 642, 112 N. W. 105, at page 108, there is a pronouncement upon this question, the court saying:

"Any deficiency resulting from insolvency of other stockholders or inability to reach them because nonresident or otherwise is not to be thrown upon the stockholder who is solvent and may be reached."

Appellant suggests that the quotation is dictum. However that may be, the pronouncement has remained unchallenged for over 30 years and in our opinion is sound.

Finding no grounds for reversal the decree of the district court is affirmed.—Affirmed.

STIGER, C. J., and HAMILTON, KINTZINGER, ANDERSON, MITCHELL, SAGER, DONEGAN, and MILLER, JJ., concur.